## DILMOUS DAVIS v. STATE.

### No. 2275. Decided February 12, 1913.

### Rehearing denied March 12, 1913.

**1.—Assault to Rape—Sufficiency of the Evidence—Alibi.**

Where, upon trial of assault with intent to rape, the evidence sustained the conviction and the court submitted the defendant's alibi, the conviction was sustained.

**2.—Same—Continuance—Counsel—Attorney and Client.**

Where the motion for continuance was oral and alleged that defendant's attorney was temporarily absent, there was no error in the court's action in overruling same. Following Usher v. State, 47 Texas Crim. Rep., 93.

**3.—Same—Continuance—Want of Diligence.**

Where the application for continuance did not show what defendant expected to prove by the absent witnesses and did not show any diligence, the same was correctly overruled.

**4.—Same—Evidence—Bills of Exception—Motion for New Trial.**

In the absence of bills of exception to the introduction of testimony, complaints in the motion for new trial on this ground and a bill of exceptions to the overruling of the motion does not raise the question in such way as to be reviewed.

**5.—Same—Charge of Court—Limiting Testimony.**

Where no necessity is shown and no error is assigned in the court's failure to limit testimony, there is no error.

**6.—Same—Charge of Court—Accomplice.**

Even if the testimony did not require the submission of the issue of accomplice, it is not shown in the record on appeal how a charge on accomplice testimony was prejudicial to the defendant.

Appeal from the Criminal District Court of Dallas. Tried below before the Hon. Robt. B. Seay.

Appeal from a conviction of assault to rape; penalty, ten years imprisonment in the penitentiary.

The State's testimony showed that while prosecutrix was returning to her home by herself late in the evening, the defendant made an assault upon her and attempted by force to have sexual intercourse with her, and that she resisted and finally escaped from him.

*Harmon & Baker,* for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

PRENDERGAST, JUDGE.—From a conviction of an assault with intent to rape, with a penalty fixed at ten years in the penitentiary, the appellant appeals.

The evidence is clearly sufficient to justify the verdict. Appellant's defense was alibi, which was correctly submitted by the court and found against him.

By one bill it is shown that appellant made an oral motion for a continuance. It is set out in the record. It is on two grounds: First, because his attorney was temporarrily out of the State, or

city, and made no arrangement for the case, believing that he would return in time to try it. Neither the bill nor the motion for continuance show any such ground as would justify the court to reverse this case on that account. Usher v. State, 47 Texas Crim. Rep., 93.

The other ground of the motion for continuance is on account of the absence of three witnesses. Neither the bill, nor the motion in any way show what was expected to be proved by these witnesses, their residences or that any diligence whatever had been used to get them. The court did not err in overruling the motion for continuance.

The record does not show that any exception whatever was taken to the introduction of any testimony during the trial. In the motion for new trial several complaints are made to the introduction of testimony. The appellant merely has bills of exceptions to the overruling of his motion for new trial on these several grounds. This does not raise the question in such a way as that we can pass upon it. Objections to testimony must be made at the time it is offered and bills then taken. If not, it is too late to complain, for the first time, in the motion for new trial.

In the motion for new trial appellant complains that the court erred by failing to limit the testimony of Dee Taylor as affecting the credibility of the witness, Sam Davis. No necessity is shown for this, either in the motion or elsewhere.

In like manner appellant complains that the court submitted to the jury to find whether one of the State's witnesses, Dan Taylor, was an accomplice. The charge is not excepted to other than that no charge on the subject was called for. Even if the testimony did not require the submission of this question to the jury, it is not shown and we can not see how such a charge was prejudicial to appellant.

We have carefully considered all of appellant's complaints and in the way they are raised, none of them present any reversible error. The judgment is, therefore, affirmed.

*Affirmed.*

[Rehearing denied March 12, 1913.—Reporter.]