## ELMER PARHAM v. THE STATE.

No. 5782.   Decided May ·5, 1920.

Rehearing Granted June 2, 1920.

**1 —Theft of Automobile—Attorney and Client—Postponement.**

Where, upon trial of theft of an automobile the defendant in his motion for continuance or postponement on account of the absence of counsel, showed that the latter was engaged in the trial of cases set at the same time that the defendant's case was called for trial in another county, and that a postponement of the case for the presence of counsel would not have operated as a continuance, the postponement should have been granted.

**2.—Same—Bills of Exception—Transcript—Practice on Appeal.**

Where it was shown upon motion for rehearing that two of the bills of exception were approved by the judge subsequent to the making out of the transcript, but before the time of filing same had expired, the same should be considered on their merits; and the same showing that defendant and his companion were under arrest and unwarned when they made statements amounting to confessions, the same was reversible error to admit such confessions in evidence.

**3.—Same—Other Offenses—Charge of Court—Limiting Testimony.**

Where upon trial of theft of an automobile testimony with reference to another offense was introduced by the State, and the court failed to limit such testimony to the purpose for which it was introduced, the same was reversible error.

Appeal from the District Court of Wichita.   Tried below before the Honorable P. A. Martin, Special Judge.

Appeal from the conviction of theft of an automobile; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Jno. T. Spann,* for appellant.—On question of postponement to secure presence of counsel who was unavoidably absent:  Roe v. State, 25 Texas Crim. App., 33; Tooke v. State, 23 id., 10.

On question of other offenses:  Alexander v. State, 21 Texas, Crim. App., 406; Hinson v. State, 51 Texas Crim. Rep., 102; Gardner v. State, 55 id., 400.

On questions of confession:  Gaston v. State, 55 Texas Crim. Rep., 270; Martin v. State, 57 id., 595.

*Alvin M. Owsley,* Assistant Attorney General, for the State.—On question of absence of counsel:  Usher v. State, 47 Texas Crim. Rep., 95; Mason v. State, 74 id., 256.

On. question of other offenses:  Kaufman v. State, 159 S. W. Rep., 60.

DAVIDSON, PRESIDING JUDGE.—Appellant was charged with and convicted of theft of an automobile.

When the case was called for trial, appellant presented an application for a continuance, which being overruled he entered a plea of guilty and was awarded by the jury the minimum punishment of two years.   The application is not signed by the defendant.   There is, however, at the end of the application a statement of the clerk to the effect that it was subscribed and sworn to by the defendant on the —— day of November, 1919, and the clerk placed his seal on it on the —— day of December, 1919.   The days are left blank.   The application is based on the absence of counsel who he alleges resided in Dallas, Texas.   Our Constitution provides that an accused may be heard by himself or counsel, or both, and this right should be accorded him in a proper manner and under appropriate circumstances.   The statement as shown in connection with the application is that his counsel was engaged in cases set in court in Dallas County; that they came up about the same time that this case was tried, and that counsel was detained by reason of those cases in Dallas.   Under the decisions of this court we are of opinion this is not a sufficient showing.   There was no attempt made by appellant to re-set his case in order to give his attorney an opportunity to be present.   He only sought to continue it for the term.   This question has been decided adversely to appellant in Mason v. State, 74 Texas Crim. Rep., 256, and to the same effect is Davis v. State, 69 Texas Crim. Rep., 86, 154 S. W. Rep., 226 and Usher v. State, 47 Texas Crim. Rep., 95.   The Mason case is in point.   Doubtless had the court been requested to re-set this case it would have been granted; at least there is no attempt on the part of appellant to have the case re-set in order that his attorney might be present.

There are two papers in the record purporting to be bills of exception but neither are signed nor approved by the judge.   There is a fourth bill which was reserved to the action of the court with reference to the testimony of two State's witnesses ·in that the court failed to limit and restrict the force and effect of their testimony.   The substance of their testimony was that appellant and two others came driving to the depot and alighted at the platform and began taking "tool joints."   When the boys began to take these tool joints the witness, Somerville, who was guard or policeman at the station, arrested them.   He was not aware at that time that the auto they were driving was the one with which he was later charged with stealing.   The evidence shows that the auto they were driving had been stolen only a few minutes before and for the purpose of going to the depot to get these "tool joints."   The object in securing the joints was to get money to pay board.   The testimony of the other witness, who was also an officer, was with reference to statements the boys made to him in regard to these matters.   These statements in a general way may be stated to be admissions and confessions with reference both

to the taking of the car and the taking of the tool joints. The court did not limit this testimony to any purpose, and after the trial appellant filed an exception to the failure of the court to so instruct the jury. As the matter is presented it cannot be considered. There was no exception taken to the charge at the time, though the bill recites that the charge was given appellant for inspection. The reason given why an exception was not then reserved was that appellant was unlearned in the law and did not know how to take advantage of the situation by excepting. This would hardly furnish a reason legally; but in any event under the circumstances of this case it would not present any serious question we think. Appellant pleaded guilty. The State introduced evidence in accordance with the statute which requires it to be done where pleas of guilty are entered. The facts show beyond any question or debate that appellant committed the theft of the auto, and that he drove to the depot a short distance away, after taking the auto, to get the tool joints and was arrested. The minimum punishment was assessed under a plea of guilty.

Finding no reversible error in the record the judgment will be affirmed.

*Affirmed.*

On Rehearing June 2, 1920.

DAVIDSON, Presiding Judge.—On a former day of the term the judgment herein was affirmed. One question in the case was decided on the theory that the application for a postponement, as now claimed, was only an application for a continuance for the term. In the light of the motion for rehearing and a more careful consideration of the record, we are of opinion that we were mistaken with reference to the full import of the application. While it is denominated an application for continuance, and evidently so treated by the trial court, yet there is a request made of the court if the continuance should be refused, that his absent counsel's presence could be secured the following week. So this application may be considered as one in the alternative for a continuance or postponement on account of the absence of counsel. The showing made by the application is sufficient so far as the absence of counsel was concerned. He resided in Dallas county and was engaged in the trial of cases in that county at the time that this case was called for trial, and those cases were set at the same term in Dallas county that this case was called for trial in Wichita County. This was appellant's only counsel and upon whom he relied. This case was tried on the 4th of December, 1919. The court did not adjourn until the 28th of the following February. A postponement of the case for the presence of counsel would not have operated as a continuance. The accused was not defended by any attorney during the trial. After his application was overruled he entered a plea of guilty. The suggestion is that this would not have

occurred had his counsel been present and aided in the defense. The Constitution provides that the accused shall have the benefit of counsel if he desires. This is a valuable right and one that has been rather strictly enforced by the courts. We are of opinion, therefore, that we were in error in affirming the judgment from this view point; that appellant was entitled to a postponement that his counsel might be present and represent him.

It was noticed in the former opinion there were two bills of exception in the record which were not approved by the judge. It is made to appear by certificate of the clerk accompanying this motion for rehearing that both bills were approved by the judge subsequent to the making out of the transcript, and the record of the office of the district clerk so shows. As presented we are of opinion the bills should be considered. It is shown by the record that the court adjourned on the 28th of February. Two orders of extension of time, amounting to thirty days, were granted by the trial judge in which to prepare bills of exception. This extension would have expired about the 28th of March. The transcript was made out and certified by the clerk of the trial court, on the 11th of March, and the file mark here shows it to have been filed in this court on the 13th of March, fifteen days prior to the expiration of the time allowed by the trial judge for the approving and filing of the bills. The clerk certifies that after he made out the transcript and forwarded it to this court the trial judge approved the two bills in question. Under the order of the trial judge the appellant had to the 28th of March in which to have approved and filed his bills of exception. The transcript should not have been made out until after the expiration of the thirty days. These bills of exception show important matters for the appellant, and we think show erroneous rulings of the trial court. These bills show that the parties were arrested, three in number, connected with the alleged theft, and that they made statements amounting to confessions to the officers, and among others was the confession made by appellant. He was unwarned, under arrest, and the confession was not in writing. It also shows the confessions of two of appellant's associates separately made were in separate rooms in the jail from each other. Their testimony was not admissible.

There is another matter that might be mentioned which was discussed in the original opinion. It is this: The court did not limit the testimony with reference to an extraneous crime. Appellant was charged with the theft of an auto. During the same evening or night appellant and his associates were arrested for the theft of some "joints." This testimony was introduced and the court failed to limit it. There was an exception taken to the charge in the trial court before it was read to the jury. Upon another trial we are of opinion this testimony should be appropriately limited in the charge of the court. It had an important bearing upon the case. The contention is made that in taking the car the parties did not intend to appropriate

it but only to use it for the purpose of conveying the joints when taken, and appellant undertook to segregate himself even from the taking of the car. These matters rather emphasize the first proposition, that is, that appellant ought to have had an opportunity for his counsel to be present and assist in the trial of the case.

For the reasons indicated the motion for rehearing is granted, the affirmance is set aside, and the judgment now reversed and the cause remanded.

*Reversed and remanded.*