### L. R. GILES V. THE STATE.

No. 11206.        Delivered March 7, 1928.

**1.—Theft—Bill of Exception—Qualification by Court—Rule Stated.**

Where a bill of exception is qualified by the court and accepted as qualified by the appellant, the bill must be considered as it comes before this court.

**2.—Same—Evidence—Of District Attorney—Improperly Admitted.**

Where, on a trial for theft, it was error to permit the District Attorney to testify that a man indicted for complicity in this theft with appellant, had been acquitted under instructions from the court, but that he had been reindicted.

**3.—Same—Bills of Exception—Qualification by Court—Improper.**

The trial court has no right to qualify a bill of exception by a statement of matters known personally to the judge, which did not transpire during the trial, or were not in some manner immediately connected therewith. See Forrester v. State, 95 Tex. Crim. Rep. 62.

**4.—Same—Bills of Exceptions—Qualification of Court—Rule Stated.**

The trial court has no right to qualify a bill of exception over the objections of appellant, but in such cases should follow the course prescribed by statute. The qualification of such bill over proper objection and exception cannot be considered. See Moore v. State, 87 Tex. Crim. Rep. 569, and other cases cited.

Appeal from the District Court of Stephens County. Tried below before the Hon. C. C. Hamlin, Judge.

Appeal from a conviction for theft, penalty six years in the penitentiary.

The opinion states the case.

*T. B. Ridgell* of Breckenridge, for appellant.

*A. A. Dawson,* State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction for felony theft, punishment six years in the penitentiary.

Since the disposition of this case is in nowise affected by the facts related by the witnesses, a discussion of same will not be indulged. There are a number of bills of exception taken to the argument. The qualifications appended to these bills were excepted to by appellant and for this reason cannot be considered, but we do not believe the bills of exception present any error, considered without the qualification.

One bill of exceptions complains of the introduction of testimony by the District Attorney. Aside from the explanation of the antecedent facts appearing in the qualification to the bill, the relevance of the testimony does not appear. We cannot hold this testimony harmless to the accused. The District Attorney testified that a man indicted for complicity in this theft with appellant had been acquitted under instructions from the court, but that he had been reindicted.

There are three bills of exception complaining substantially of the proposition that appellant was deprived of the presence and representation by his counsel who had gone to another city to try a case and was unable to get back. Each of these bills have appended to them lengthy qualifications consisting largely of statements of facts relative to conversations between the court and appellant's counsel, and agreements and understandings had between them under which appellant's counsel went away from Stephens County to Rockwall County to try a case there at the time the instant case was set. The qualifications of the court are excepted to and such exceptions appear in a separate bill duly drawn, and approved by the court. We are compelled to give effect to the exceptions. The trial court has no right to qualify a bill of exceptions by a statement of matters known personally to the judge which did not transpire during the trial, or were not in some manner immediately connected therewith. Forrester v. State, 95 Tex. Crim. Rep. 62. The trial court has no right to qualify a bill of exceptions over the objec-

tions of the appellant, but in such case should follow the course prescribed by statute. Moore v. State, 87 Tex. Crim. Rep. 569. It is the duty of the court if bills of exception are presented which do not properly reflect the record, to refuse to approve them. The qualification of such bill over proper objection and exception cannot be considered. Holder v. State, 96 Tex. Crim. Rep. 556; Plunk v. State, 98 Tex. Crim. Rep. 140; Smith v. State, 100 Tex. Crim. Rep. 234; Rochelle v. State, 294 S. W. 860. When we consider said bills of exception apart from the qualification attached thereto by the trial court, we are not able to hold, in the face of the statements made therein, that appellant was not injured by the refusal of the court to postpone the case or to await until appellant's counsel returned. It is made to appear that when counsel for appellant discovered that he could not conclude his trial in Rockwall County in time to reach Breckenridge by 9 o'clock on Tuesday morning, he wired and phoned from Rockwall and from Fort Worth asking that the case be postponed until 1:30 o'clock on that day, at which time he could be present. It is shown that he reached Breckenridge and was present by that time. We are of opinion that, accepting the facts as stated in said bill of exceptions as true, the court should have granted the postponement.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*