## TOMMIE THOMAS V. THE STATE.

No. 19077.   Delivered June 2, 1937.

The opinion states the case.

*Jim H. Letts* and *S. F. Hill,* both of Houston, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—Robbery by assault is the offense; penalty assessed at confinement in the penitentiary for fifteen years.

The State's testimony is to the effect that Tom Hardy was employed at night at the Port City Ice Delivery in the city of Houston; that about 1:45 o'clock in the morning the appellant appeared and said he wanted a package of tobacco. When the witness went to the cash register to put in the money the appellant presented a pistol and said: "Let me have it; it is a stick-up; don't give me any trouble." Hardy then took eighteen dollars and some cents out of the cash register and gave it to the appellant. The witness said he offered no resistance because the appellant had a pistol and he was afraid of losing his life.

Kelly, a police officer, testified that he arrested the appellant at 3:25 o'clock in the morning on a certain street in the city of Houston; that at the time of his arrest the appellant had a loaded pistol on his person.

Appellant appeared without an attorney on the trial of his case. He testified and denied the commission of the offense with which he is charged.

Accompanying the record is a motion for a writ of certiorari based upon the ground that the judgment of the court

contains the statement that "the defendant Tommie Thomas appeared in person and by counsel," when as a matter of fact the appellant had no counsel to represent him. The record fails to show that any demand was made by appellant for the appointment of counsel or that the court refused to appoint an attorney to represent the appellant. Upon the record before us, no error is presented.

The judgment is affirmed.

*Affirmed.*