JULIUS JOHNSON V. THE STATE.

No. 21808. Delivered December 17, 1941.

The opinion states the case.

*Alex P. Pope,* of Tyler, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

GRAVES, Judge.

Appellant was charged with a violation of the local option liquor laws, and fined the sum of $1,000.00.

There is no statement of facts in the record, and only two bills of exceptions.

Bill No. 1 complains of the trial court overruling a motion for a continuance herein because of the fact that the attorney of appellant's selection had some cases set for the same day as this case was on call, in the district court of Smith County. It appears that this cause was set primarily for December 2, 1940, at which time, on motion of appellant, and for the above reason that his attorney had some cases set for December 2, 1940, in the Smith County district court,—this case was postponed until December 10, 1940. It seems that for some reason the Smith County cases were also postponed until December 10, 1940, which happened to be the date at which this trial was had.

As we construe the motion herein, appellant did not ask for a further postponement to another day of this court, which lasted until March, 1941, but merely moved for a continuance. It is also not shown that such cases in Smith County went to trial, but it is merely shown that such cases were set for trial on such date.

We think the reasoning in the case of Parham v. State, 222 S. W. 562, is applicable in this cause:

"The statement as shown in connection with the application is that his counsel was engaged in cases set in court in Dallas county, that they came up about the same time that this case was tried, and that counsel was detained by reason of those cases in Dallas. Under the decisions of this court we are of opinion this is not a sufficient showing. There was no attempt made by appellant to reset his case in order to give his attorney an opportunity to be present. He only sought to continue it for the term. This question has been decided adversely to appellant in Mason v. State, 74 Tex. Cr. R. 256, 168 S. W. 115, Ann. Cas. 1917D, 1094, and to the same effect is Davis v. State, 69 Tex. Cr. R. 86, 154 S. W. 226, and Usher v. State, 47 Tex. Cr. R. 95, 81 S. W. 309. The Mason Case is in point. Doubtless had the court been requested to reset this case it would have been granted; at least, there is no attempt on the part of appellant to have the case reset in order that his attorney might be present."

Bill No. 2 complains of the fact that there had been no person of African descent on the jury commission, nor any such person on the jury panel that was presented for the purpose of this trial, nor no such person on the jury that tried appellant. There was no proof of any such allegations, nor do we find support of such allegations in the record. The bill itself seems to be an exception to the trial court overruling appellant's first amended motion for a new trial, and in such motion there was an objection to the trial court permitting the appellant to go to trial before a jury which was thus selected and which contained no colored person thereon. Such question is not properly presented. It appears that no proper objection to such jury was ever offered before the trial court. Such objection can be waived. See the case of Carruthers v. Reed, 102 Fed. 2d 933—certiorari denied, 307 U. S. 643.

We do not think there are sufficient facts presented to us to call for a further review of this bill.

No error being shown, the judgment is affirmed.