OTIS PARSONS V. STATE.

No. 24221. February 9, 1949.
Appellant's Motion for Rehearing Denied (Without Written Opinion) March 16, 1949.

*Peter P. Cheswick,* Houston, for appellant.

*A. C. Winborn,* District Attorney, and *E. T. Branch,* Assistant District Attorney, Houston, and *Ernest S. Goens,* State's Attorney, Austin, for the state.

DAVIDSON, Judge.

The primary offense charged was that of felony theft, al-

leged to have been committed on November 30, 1947. It was also charged that in each of the years 1926, 1932, 1940, and 1946, appellant had been convicted of felonies less than capital.

The jury found appellant guilty, as charged. Under the provisions of Art. 63, P. C., commonly called the habitual criminal statute, appellant's punishment was fixed at life imprisonment in the penitentiary.

The facts support the jury's finding.

Appellant was not represented by counsel upon the trial of the case. He represented himself, cross-examined the state's witnesses, conducted the direct examination of his witness, and testified in his own behalf. He denied having committed the primary offense charged. He admitted having been convicted of other felonies. He was a man forty-seven years of age at the time of the trial, married, and a painter by trade. There is no evidence as to the extent of his education. His cross-examination of the state's witnesses and the conduct of his own defense evidence an acquaintance with courtroom procedure and the conduct of a criminal trial. He was certainly no novice at being tried for and convicted for crime. He knew the effect of the application of the habitual criminal statute, and admitted his plea of guilty to some of the prior convictions was motivated by the fact that the state, under his plea, did not seek to apply that statute.

The record is silent as to why appellant represented himself upon the trial. There is no affirmative evidence that appellant waived the right of representation by counsel or that he made a request therefor, or that the trial court advised him as to his rights relative thereto. The record reflects merely that appellant represented himself upon the trial.

By motion for new trial, appellant, for the first time, contended that the failure of the trial court to appoint counsel to represent him upon the trial of the case or to require an express waiver of his right to counsel constituted a denial of due process under the Fourteenth Amendment to the Federal Constitution.

The statutes of this state require the appointment of counsel for an accused only when the charge is that of a capital felony. Art. 494, C. C. P.; Holton v. State, 143 Tex. Cr. R. 415, 158

S. W. (2d) 772, certiorari denied, 62 S. Ct. 1311, 316 U. S. 703, 86 L. Ed. 1771.

The charge against appellant was not a capital felony. Art. 47, P. C. It was that of an ordinary felony.

It has been the consistent holding of this court that a trial court is not required to appoint counsel for an accused charged only with an ordinary felony. Attesting authorities will be found under Art. 494, Vernon's C. C. P.

It is apparent, then, that under the laws of this state, appellant's contention is not well taken.

Appellant's contention, however, presents a federal question, for the determination of which we look to the decisions of the Supreme Court of the United States. The question as to the necessity for the appointment of counsel for an accused in state courts has been often before that court. The latest expression of which we are aware is that of Uveges v. Pennsylvania, 93 L. Ed. 152, advance opinions, decided December 13, 1948. There, the court appears to have stated the rule presently controlling.

It was there pointed out that in Bute v. Illinois, 333 U. S. 640, at pages 677-679, four members of that court, in a dissenting opinion expressed the view that due process under the Fourteenth Amendment required the services of counsel in all cases of a serious nature, which, in that case, was one carrying a punishment of twenty years' imprisonment. The majority of that court reached a contrary conclusion and held that, under the facts there presented, the services of counsel were not required, and affirmed the judgment of the state court.

It was further pointed out in the Uveges case that certain members of the court entertained the view that, in what we know in this state as an ordinary felony, being one less than capital, the necessity for appointing counsel depends upon the facts of each case, citing Betts v. Brady, 316 U. S. 455, 462, 86 L. Ed. 1595, 1601, 62 S. Ct. 1252. Note is taken of the fact that three of the judges who dissented in the Bute v. Illinois case also dissented in the Betts v. Brady case. The fourth member of the court dissenting in the Bute v. Illinois case was not a member of the court at the time the decision in Betts v. Brady was rendered.

The further expressions contained in, as well as the dispo-

sition made of, the Uveges case convinces us that it is presently the holding of the Supreme Court of the United States that the necessity for furnishing counsel to an accused upon trial for a crime less than capital depends, in a state court, upon the facts in each case, in the determination of which there must be taken into consideration the gravity of the crime, the age and education of the accused, the conduct of the court or prosecuting officials, and the complicated nature of the offense charged, and the possible defense thereto.

We cannot bring ourselves to the conclusion that the instant facts bring this case within the rule stated. The conclusion is reached, therefore, that appellant was not denied due process in being tried without counsel. As directly supporting this conclusion, reliance is had upon Bute v. Illinois, supra.

Other questions presented by appellant are overruled without discussion.

The judgment is affirmed.

Opinion approved by the Court.