EX PARTE JOHN E. HOLDER.

No. 24726. February 8, 1950.

Relator represented himself.

*George P. Blackburn,* State's Attorney, Austin, for the state.

BEAUCHAMP, Judge.

This cause arises by reason of an application filed originally in this court by relator to secure his release from the penitentiary.

Presiding Judge Hawkins certified the questions involved to the Honorable W. S. Barron, Judge of the District Court of Robertson County, with the request that evidence be taken and submitted to this court on the questions as to whether or not relator was tried originally without counsel; whether or not he expressly waived the appointment of counsel; and, in the event

he did not have counsel, Judge Barron was instructed to hear evidence on the subject of his age, education, the nature and gravity of the crime, his acts in the conduct of the trial of his case, and his intellectual ability, in order that the question may be considered under all of the circumstances of the case.

Judge Barron appointed counsel to represent relator, brought him personally before the court, heard his evidence and that of other witnesses brought before him, and he returned the evidence to this court in the manner directed.

It affirmatively appears that relator did not have counsel to represent him in the trial of his case and that he desired the court to appoint counsel, but the court refused to do so on the ground that it was not a capital case as contemplated in Article 494, C. C. P. It is further shown that appellant was convicted of incest, the victim being his daughter, and that he did not receive the highest penalty provided by law for this offense. He was approximately 46 years of age at the time of his trial. The statement of facts reflects that there was quite a lengthy hearing on the subject of his intellectual capacity. If we are able to correctly appraise this evidence, he was a man of ordinary intelligence for his age. Such evidence was produced by the state. Relator had the burden, with the aid of counsel appointed for him, to show a lower state of intellect if he could, but this the record fails to do. The evidence on the subject is quite lengthy. It is technical in its nature and produced by expert testimony. There is no evidence indicating that relator was innocent of the crime or that his failure to have proper representation was the cause of his conviction.

We feel called upon, in this case, to follow the statutory provisions of our state and conclude that, in as much as the charge against him was not a capital felony, the court was warranted under all of the facts developed in this hearing to refuse to appoint counsel for him. Article 494, Vernon's Ann. C. C. P. and annotations thereunder; Holton v. State, 143 Tex. Cr. R. 419, 158 S. W. 2d 772 (certiorari denied, 316 U. S. 703) ; Thomas v. State, 132 Tex. Cr. R. 552, 106 S.W. 2d 290;Loggins v. State, 136 Tex. Cr. R. 426, 125 S. W. 2d 565; Parsons v. State, 153 Tex. Cr. R. 157, 218 S. W. 2d 202.

The application is refused and relator is remanded to the warden of the state penitentiary to serve the sentence imposed on him.

Hawkins, Presiding Judge, absent.