JESSE VANCE JOHNSON v. STATE.

No. 25,882. June 11, 1952.
State's Motion for Rehearing Denied October 15, 1952.

Hon. A. A. Dawson, Judge Presiding.

*Justice and Justice,* Athens, for appellant.

*Joe Tunnell,* Criminal District Attorney, Canton, and *George P. Blackburn,* State's Attorney, Austin, for the state.

DAVIDSON, Judge.

This is a conviction for bigamy, with punishment assessed at five years in the penitentiary, the maximum penalty authorized for that offense.

Notwithstanding the fact that appellant had employed a capable and reputable attorney to represent him in this case, this record affirmatively reflects that he was tried and convicted without the benefit of counsel. The absence of counsel appears not to be attributable in any manner to any act or laches on the part of the appellant, but, rather, to the fact that his attorney was, when the case was called for trial and tried, engaged in the trial of a felony case in another county.

Through the medium of a motion for postponement which appellant's attorney had prepared and which was presented by another attorney as an accommodation, the trial court, upon calling this case for trial, was made aware of the facts and cause of the attorney's absence. Before passing upon that motion, the trial judge, himself, ascertained that the attorney was at that time actually engaged in the trial of the other case. The motion was overruled, nevertheless, and appellant ordered to trial.

Upon being called upon to plead to the indictment, appellant replied: "Judge, my lawyers are not here, I don't know what to do."

Thereupon, and upon motion of the state, the court entered a plea of not guilty for the appellant and the case proceeded for trial before a jury, without counsel representing the appellant. The record reflects that appellant did not participate in the trial by cross-examination of the witnesses or by objections to any testimony or procedure. So far as this record is concerned, he sat silently by during the entire trial.

Appellant argues, with much force, that error is here reflected, upon the proposition that he was denied representation in this case by counsel of his own choosing, and cites in support of that contention: Parham v. State, 87 Tex. Cr. R. 454, 222 S. W. 561; Giles v. State, 109 Tex. Cr. R. 234, 4 S. W. 2d 66.

The question before us goes much deeper than that of the right of an accused to be represented by counsel of his own choosing, for it embraces the right of the state to try one accused of a felony without the assistance of counsel. The Supreme Court of the United States has held that, under certain circumstances, the trial of one for a felony in a state court without counsel violates the due process clause of the Fourteenth Amendment to the Federal Constitution. In the case of Parsons v. State, 153 Tex. Cr. R. 157, 218 S. W. 2d 202, we had occasion to review the decisions of the Supreme Court of the United States touching the subject, and there reached the conclusion that the rule as announced by that court was as follows:

"The further expression contained in, as well as the disposition made of, the Uveges case convinces us that it is presently the holding of the Supreme Court of the United States that the necessity for furnishing counsel to an accused upon trial for a crime less than capital depends, in a State court, upon the facts in each case, in the determination of which there must be taken into consideration the gravity of the crime, the age and education of the accused, the conduct of the court or prosecuting officials, and the complicated nature of the offense charged, and the possible defense thereto."

Such conclusion was based, primarily, upon the cases of Betts v. Brady, 316 U. S. 455, 62 S. Ct. 1252, 86 L. Ed. 1595, and Uveges v. Pennsylvania, 335 U. S. 437, 69 S. Ct. 184, 93 L. Ed. 127.

Since our opinion in the Parsons case, the Supreme Court of the United States has had occasion to approve the rule stated, in the cases of Gibbs v. Burke, 337 U. S. 773, 69 S. Ct. 1247,

93 L. Ed. 1686; Quicksall v. Michigan, 339 U. S. 660, 70 S. Ct. 910, 94 L. Ed. 1188; and Palmer v. Ashe, 96 L. Ed., Advance Opinions, p. 130.

A reasonable interpretation of the facts here presented is that appellant is a man about twenty-six years of age, a day laborer with very little education and knowing nothing about the law or courtroom procedure and, at the time of trial, out of funds, and confined in jail. Whether he had any friends who might help or assist him, the record is silent. He had paid his attorneys a reasonable and satisfactory fee for their services rendered and to be rendered.

The nature of the charge of bigamy is one in which proof of two marriages is required. The mode, manner, and method required to be followed in making such proof require compliance with certain fixed rules (6 Tex. Jur., Bigamy, p. 541, et seq.), which to some degree involve matters of a complicated nature. Certain defenses are provided by statute to the crime of bigamy. Art. 491, P. C.

As to the conduct of the instant trial, note is taken of the fact that proof of the second or bigamous marriage was made, primarily, by the spouse of that marriage. Among the facts proven by that witness was that appellant had failed to support her or a child born of their bigamous marriage. A bigamous marriage is void, and appellant could not be guilty of abandonment by failing to support that wife. Yet this testimony and other facts went before the jury unobjected to and unchallenged.

In addition, as the same appears in the statement of facts before us, witnesses testified to the fact of appellant's first marriage, with no showing that such testimony was not hearsay, merely, or the expression only of an opinion.

The opinion is expressed that this record brings this case within the rule announced by us in the Parsons case and, especially, that of Gibbs v. Burke, supra.

In the latter case, Gibbs, thirty years of age, upon trial for the ordinary felony offense of larceny, was convicted and sentenced to two and one half years in the penitentiary. He pleaded not guilty upon the trial, and conducted his own defense. He made no request that counsel be appointed to represent him nor did the court offer to appoint counsel for him. The conclusion reached was as follows:

"We think that the facts of this case, particularly the events occurring at the trial, reveal, in the light of that opinion (Uveges v. Pennsylvania) and the precedents there cited, that petitioner was handicapped by lack of counsel to such an extent that his constitutional right to a fair trial was denied."

A reversal of that conviction followed.

The instant record affirmatively reflects that the trial of this case was begun and concluded on January 30, 1952, and that the term of court at which the conviction was had remained in session until adjournment on June 5, 1952. There is nothing in this record indicating that it was necessary in point of time, or otherwise, to try the case at the time it was tried.

If the trial court concluded that no good reason existed to delay the trial of this case until appellant's counsel was present, or if he was to force appellant to trial in the absence of his counsel, then, in keeping with the demand of due process as guaranteed by the Fourteenth Amendment to the Federal Constitution under the facts here presented, he should have appointed counsel to represent the appellant upon the trial of the case.

The judgment is reversed and the cause remanded.

Opinion approved by the court.

ON STATE'S MOTION FOR REHEARING.

MORRISON, Judge.

The State has filed an able brief wherein strong issue is taken with the conclusions of law and of fact reached in our original opinion.

Irrespective of all such contentions, one salient fact stands out without contradiction. Appellant had employed an attorney to represent him; the court was informed that such attorney could not be present on the day set by the court because of a trial in another county; and no attorney was appointed by the court to take his place. It is shown that there was a licensed attorney, Mr. Cornelius, in the courtroom sitting at counsel table, but the court did not order him to represent appellant; and he did not do so.

If the court felt that appellant's counsel was derelict in the representation of his client, then he acted properly in refusing to postpone the case, but he should have made the services of another attorney available to the accused.

Remaining convinced that we properly disposed of this case originally, the state's motion for rehearing is overruled.