## Galvino Beltran v. State

No. 27,666. June 22, 1955
Appellant's Motion for Rehearing Denied
(Without Written Opinion) October 12, 1955

No attorney for appellant of record on appeal.

*Austin F. Anderson,* Criminal District Attorney, *Roy R. Barrera,* Assistant District Attorney, San Antonio, and *Leon Douglas,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

Appellant was charged by indictment with felony theft of an automobile, and upon a plea of guilty before the court, was assessed a term of five years in the penitentiary.

There are two bills of exception.

Bill of Exception No. 1 is addressed to the contention that the judgment is contrary to the law and evidence.

In the absence of a statement of facts showing the evidence

that was introduced at the trial, we are unable to appraise this bill.

Bill No. 2 relates to appellant's contention that he did not have proper representation and was deprived of his constitutional rights in having his case presented before the court. The bill recites:

"That on the 11th day of February, A.D., 1955, the defendant was brought into the court room from the county jail. Roy Barrera, Asst. District Attorney handling the case, representing the State of Texas. The court inquired of the defendant if he had counsel; he replied that he did not, whereupon, the court appointed Attorney M. Rizik to represent the defendant, who entered a guilty plea. Whereupon, the court found the defendant guilty of the alleged offense and sentenced the defendant to serve 5 years in the state penitentiary.

"Within 10 days from the date of judgment, the defendant's paid attorney, Theo. Pat Henley, filed a motion for a new trial, setting up the fact that on February 9, 1955, defendant's counsel, Theo. Pat Henley, had a conference in the District Attorney's office with Mr. Richard Woods, Chief of the Felony Section, District Attorney, Bexar County, Texas, and was advised that defendant's attorney would be notified at the time the case would be set for trial. On hearing of defendant's motion for a new trial, Asst. District Attorney Woods took the stand and testified that he had a conference with Henley prior to the docketing of the case and also would advise Henley when the case would be set for trial; further, Asst. District Attorney Woods testified that he was absent from the office on the date the defendant was tried in this case and that Asst. District Attorney Barrera did not know about Henley being the defendant's counsel."

In the absence of a statement of facts or bills of exception which would sustain appellant's allegation that he did not have proper representation at his trial, or that his court-appointed attorney failed in some manner to protect his rights, reversible error is not shown. Appellant appeared before the court, said he had no counsel and counsel having been appointed, he waived a jury trial, pleaded guilty and, after hearing of evidence, was assessed a five-year term for felony theft.

No reason appears why appellant, if he chose to do so, could not dispense with his paid counsel. This it seems he did.

This case may readily be distinguished from the relatively recent case of Johnson v. State, 157 Texas Cr. R. 564, 251 S.W. 2d 739. In that case, the accused made it known to the court that he had employed an attorney to represent him and asked for a postponement so that his attorney might be present; the court denied such motion and forced the accused to trial *without* any representation. Here, the accused told the court he had no attorney, and the court appointed an attorney for him.

The judgment is affirmed.