and, after hearing of evidence, was assessed a five year term for felony theft.

No reason appears why appellant, if he chose to do so, could not dispense with his paid counsel. This it seems he did.

This case may readily be distinguished from the relatively recent case of Johnson v. State, 157 Tex.Cr.R. 564, 251 S.W.2d 739. In that case, the accused made it known to the court that he had employed an attorney to represent him and asked for a postponement so that his attorney might be present; the court denied such motion and forced the accused to trial *without* any representation. Here, the accused told the court he had no attorney, and the court appointed an attorney for him.

The judgment is affirmed.

Galvino BELTRAN, Appellee,

v.

STATE, Appellee.

No. 27667.

Court of Criminal Appeals of Texas.

June 22, 1955.

No appearance for appellant.

Austin F. Anderson, Crim. Dist. Atty., Roy R. Barrera, Asst. Crim. Dist. Atty., San Antonio, Leon Douglas, State's Atty., Austin, for the State.

WOODLEY, Judge.

The conviction is for felony theft of an automobile.

The issues on appeal are identical with those in Beltran v. State, No. 27,666, Tex. Cr.App., 282 S.W.2d 228, and the five year term herein assessed is concurrent with the term assessed in No. 27,666.

The judgment is affirmed.