

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-08-00099-CR

_____

TARSHA SIMMONS, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 276th Judicial District Court
Morris County, Texas
Trial Court No. 9388

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Moseley

MEMORANDUM OPINION

On March 24, 2006, Tarsha Simmons was convicted of driving while intoxicated with a child passenger. The trial court deferred a two-year state-jail sentence and imposed three years of community supervision on the condition that Simmons "avoid injurious or vicious habits including any use of non-prescribed narcotics, drugs or alcoholic beverages." Finding that Simmons violated the prohibition to imbibe alcohol by driving while intoxicated, the trial court revoked her community supervision. Simmons appeals the revocation on the grounds that: 1) the condition that she avoid alcohol use was vague; 2) evidence was insufficient to support the trial court's revocation ruling; 3) she did not receive sufficient notice of the condition for community supervision allegedly violated; and 4) the length of community supervision was ambiguous. We reject all of Simmons's arguments and affirm the judgment revoking community supervision.

I.    **Factual and Procedural History**

On January 2, 2008, Kay Walraven called police to report that an intoxicated driver operating a van had collided with a tree in her front yard. Trooper Edwin Lang was dispatched to the scene and found the driver absent. Gary Webster (who is Simmons's cousin's husband) approached Lang, advised that Simmons was the driver, and pledged to return with her shortly, which he did. Meanwhile, Lang surveyed the scene. He smelled alcohol in the van and found several full and empty cans of beer. Persons interviewed at the scene reported that children were present in the van during the accident.

Webster returned with Simmons and told Lang that in his opinion, Simmons was intoxicated when driving the van with children present. Lang observed that Simmons was forced to utilize Webster's vehicle to maintain balance when exiting. When questioned, Simmons admitted that she was the driver of the wrecked van and that there were two minor children in the back seat. Lang noticed that Simmons "reeked of alcohol from her breath" whenever she spoke, swayed back and forth, and exhibited red eyes and slurred speech. He administered the horizontal gaze nystagmus test (which Simmons failed), and an intoxilyzer test that did not register because Simmons declined to blow her breath consistently into the machine. Simmons also refused to take a blood test. Lang, who had been a peace officer for seventeen years, had no doubt that Simmons was intoxicated by alcohol to the point that she had lost the normal use of her mental and physical faculties. Finally, Simmons admitted to drinking alcohol and taking prescription drugs for epilepsy, panic attacks, depression, and a nervous condition—a potentially dangerous combination.

The State filed a motion to revoke Simmons's community supervision, alleging that she "operate[d] a motor vehicle in a public place while . . . not having the normal use of mental or physical faculties by reason of the introduction of alcohol into the body" and that she was "intoxicated by introducing an excessive amount of alcohol into her system." After hearing the evidence above, including a statement made by Simmons's counsel that he believed "the [c]ourt could conclude that she was intoxicated if the [c]ourt chose to under the evidence," the allegations

3

were found true, community supervision was revoked, and Simmons was sentenced to eighteen months in a state-jail facility. This appeal followed.

## II. Simmons Waived Argument of Ambiguities with Regard to Length and Condition of Community Supervision

An award of community supervision is a contractual privilege entered into between court and defendant. *Speth v. State*, 6 S.W.3d 530, 534 (Tex. Crim. App. 1999). A trial court has broad discretion in determining the conditions of the supervision. TEX. CODE CRIM. PROC. ANN. art. 42.12, § 11 (Vernon Supp. 2008). "The judge may impose any reasonable condition that is designed to protect or restore the community, protect or restore the victim, or punish, rehabilitate, or reform the defendant." *Speth*, 6 S.W.3d at 533. Conditions of community supervision not objected to are affirmatively accepted as terms of the contract. *Id.* at 534. Moreover, the law is well settled that a defendant cannot successfully allege for the first time on appeal that a condition of community supervision is vague. *Id.* at 535; *Heiringhoff v. State*, 130 S.W.3d 117, 133–34 (Tex. App.—El Paso 2003, pet. ref'd); *Margoitta v. State*, 10 S.W.3d 416, 418 (Tex. App.—Waco 2000, no pet.).

The condition that Simmons was to "[a]void injurious or vicious habits including any use of . . . alcoholic beverages," especially because of her epilepsy, informed Simmons and the authorities that *any* use of alcohol was a violation of her community supervision.[1] *See Flores v. State*, 513

---

[1]The very language of this condition is commonly used and understood in Texas courts. *Vale v. State*, 486 S.W.2d 370, 371 (Tex. Crim. App. 1972). The first part of it ("avoid injurious or vicious habits") is included in Article 21.12, Section 11(a)(2) of the Texas Code of Criminal Procedure. TEX. CODE CRIM. PROC. ANN. art. 21.12, § 11(a)(2) (Vernon Supp. 2008).

4

S.W.2d 66, 68–69 (Tex. Crim. App. 1974). Simmons signed the order imposing this condition, affirming her understanding that she was not permitted to consume any alcohol. She similarly signed off on the condition that community supervision was to continue for three years and affirmed her understanding in open court. Simmons raised no objection to these conditions when they were imposed in 2006. Thus, we find that Simmons waived any ambiguity argument with respect to the length and condition of her community supervision.

## III. Proper Notice of the Violations of the Conditions of Her Community Supervision

Simmons contends that the motion to revoke community supervision failed to provide her proper or adequate notice of the terms or conditions of community service she violated. The motion stated that Simmons violated the prohibition against alcohol use by "[operating] a motor vehicle in a public place while . . . intoxicated" and by "introducing an excessive amount of alcohol into her system" on or about January 2, 2008. Simmons, however, did not raise this issue at the hearing, foregoing the reading of the motion and entering a plea of not guilty. Not having raised this alleged defect of notice at the revocation hearing, she failed to preserve any error. *See Dorsey v. State*, 84 S.W.3d 8 (Tex. App.—Texarkana 2002, no pet.).

## IV. The Evidence Was Sufficient to Support Revocation

Considering the unique nature of a revocation hearing and the trial court's broad discretion in the proceedings, the general standards for reviewing factual sufficiency do not apply. *Pierce v. State*, 113 S.W.3d 431, 436 (Tex. App.—Texarkana 2003, pet. ref'd). Instead, we review the trial

5

court's decision regarding community supervision revocation for an abuse of discretion and examine the evidence in a light most favorable to the trial court's order. *Id*. (citing *Garrett v. State*, 619 S.W.2d 172, 174 (Tex. Crim. App. 1981)). Thus, if the greater weight of credible evidence creates a reasonable belief a defendant has violated a condition of his or her community supervision, the trial court's order of revocation did not abuse its discretion and must be upheld. *Id*. (citing *Scamardo v. State*, 517 S.W.2d 293, 298 (Tex. Crim. App. 1974)).

To revoke community supervision, the State must prove every element of at least one ground for revocation by a preponderance of the evidence. TEX. CODE CRIM. PROC. ANN. art. 42.12, §§ 10–11 (Vernon Supp. 2008); *Johnson v. State*, 943 S.W.2d 83, 85 (Tex. App.—Houston [1st Dist.] 1997, no pet.). Here, if the State proved by a preponderance of the evidence that Simmons consumed any alcohol, revocation was proper. The State introduced Lang's testimony that Simmons experienced difficulty keeping her balance, had red eyes, slurred speech, failed a field-sobriety test, and reeked of alcohol. Lang also testified that Webster reported Simmons had been drinking, and Simmons admitted to the same. Yet, Simmons took the stand at the revocation hearing and testified she did not tell Lang she was drinking, had not consumed any alcohol, and crashed the vehicle only because her tire blew out. She stated the appearance of intoxication was caused by stress of her aunt's death the day before and Simmons's existing medical conditions. Simmons also denied having children present in the vehicle even though Webster's testimony and witnesses at the scene established there were two minors in the van.

6

In a revocation hearing, the trial judge is the sole trier of the facts and determines the credibility of the witnesses and the weight to be given to the testimony. *Johnson*, 943 S.W.2d at 85; *Lee v. State*, 952 S.W.2d 894, 897 (Tex. App.—Dallas 1997, no pet.). In its broad discretion, the trial court could have chosen to disbelieve Simmons's testimony. Thus, as acknowledged by Simmons's counsel at the hearing, despite Simmons's denials, the trial court was well justified in revoking community supervision based on Lang's testimony. *Palafox v. State*, 509 S.W.2d 846, 848 (Tex. Crim. App. 1974) (revoking probation based on testimony of officer with eighteen years of experience who determined defendant was intoxicated, smelled strongly of alcohol, and had slurred speech).

## V. Conclusion

We find that the evidence is sufficient to prove Simmons violated the terms of her community supervision and that she waived issues of fair notice and ambiguities regarding conditions of her community supervision.

Therefore, we affirm the judgment of the trial court.

Bailey C. Moseley
Justice

Date Submitted:    October 15, 2008
Date Decided:      October 16, 2008

Do Not Publish

7