## BILL ERVIN V. STATE.

No. 24346. April 13, 1949.

*A. M. Harrison,* Paris, for appellant.

*Ernest S. Goens,* State's Attorney, Austin, for the State.

BEAUCHAMP, Judge.

Bill Ervin was assessed a penalty of a $200.00 fine by a jury on information charging the possession of an alcoholic beverage for sale in a dry area.

Officers went to the premises of appellant with a search warrant and found twenty-seven cans of beer iced down in a tub on the floor of the kitchen. Each can contained twelve ounces. This evidence would support a conviction but for the fact of the admission of illegal testimony, which was calculated to and probably did result in the penalty assessed.

The state's attorney has filed his brief in which he discusses certain of the bills of exception in the following language.

"Appellant brings forward a number of bills of exception, and by Bill No. 1 he complains at the action of the trial court in permitting the State to prove, over the timely objection of appellant, by the witness C. O. Shelton, that T. R. Jeffries, who was present at the time said premises were searched and purportedly drinking beer at the place, stated to the witness Shelton, 'We bought this beer here.'

"Likewise, the witness H. B. Stanley was permitted, over the timely objection of appellant, to testify that Charlie Irvin stated to the witness Stanley, 'The beer belongs to Bill Ervin'; and,

"In Bill No. 3, the appellant complains that the trial court admitted in evidence, over appellant's timely objection, a statement by the witness Troy Russell that one Dugger and one Baker told him that they 'bought the beer there from a black-headed girl and paid thirty-five cents a can for it.'

"Likewise, the witness H. R. Marks was also permitted, over the objection of appellant, to testify that on the occasion he went to the place with the witness Troy Russell that Baker and Rugger told him, 'We got the beer here.' in answer to his question as to where they got the beer which they were drinking.

"Notwithstanding the court's qualification to these bills, in our opinion, the testimony complained of was not admissible, and was purely hearsay, each of said statements having been made by said parties out of the presence and hearing of the appellant."

We have examined the record and adopt the foregoing statement as correctly reflecting that portion of the record to which he refers. The court qualified these bills by saying the evidence was admitted on the theory that the statements were res gestae. Such qualifications are merely statements of the law of the case and this court is not bound by the conclusions of the trial court on questions of law. We think he was in error.

The judgment of the trial court is reversed and the cause is remanded.