456

Ex Parte J. D. Hope.

No. 24710. February 8, 1950.
Rehearing Denied March 29, 1950.

*Smith and Porter,* Longview, for relator.

*R. L. Whitehead,* Criminal District Attorney, *David C. Moore,* Assistant Criminal District Attorney, Longview, and *George P. Blackburn,* State's Attorney, Austin, for the state.

GRAVES, Judge.

This is an application for a writ of habeas corpus filed by relator and presented to Judge Earl Roberts of the 124th District Court of Gregg County by J. D. Hope, an inmate of the state penitentiary; and under the statute, Art. 119, C. C. P. (as amended by Acts 1943, 48th Leg., p. 354, chap. 233, sec. 11), such application was heard and the facts therein found were certified to this court for its decision thereon.

It seems that relator was charged by indictment with robbery on or about November 16, 1935; that on Dec. 20, 1935, he went to trial therefor. The testimony seems fairly conclusive that at the time of the trial, the indictment did not contain a charge of robbery by exhibiting a firearm. It is apparent that such portion of the indictment had been dismissed.

Appellant testified in this cause that he pleaded not guilty to this indictment, and requested the appointment of an attorney to assist in his defense. While the trial court's docket does evidence such a request and its refusal, the judgment entered in such cause shows the presence of counsel at the 1935 trial.

Appellant was convicted of robbery by assault and given a 50-years' sentence. A motion for a new trial was filed and overruled, and appellant excepted thereto and gave notice of appeal to this court. This appeal appears as our No. 18,388, and we have the record before us.

During the pendency of this appeal in this court, the appellant herein (relator in this proceeding) filed an affidavit requesting that he be allowed to withdraw such appeal, and the appeal was dismissed by this court.

The relator herein testified that he was 27 years old at the time of his conviction; that he had been through the 8th grade in school; that he was ignorant and unlettered in the law; that he had been convicted once before and received a suspended sentence; that he asked for the appointment of an attorney and that the judge refused the request; that he attempted to defend himself by asking certain questions but was told by the district attorney that such questions were improper; that he was too poor to hire a lawyer and did not appeal to his relatives for assistance; that he was convicted and given a term of 50 years and appealed the case; that someone in the penitentiary told him that he would lose all time prior to the affirmance of his case if he did not withdraw his appeal which he did, and after his signed affidavit appeared in such cause, same was dismissed by this court on March 18, 1936.

Under our statute, Art. 494, C. C. P., the trial court was under no duty to furnish him an attorney unless in a trial for a capital felony. Unquestionably, the allegation in the indictment relative to the use of firearms in the making of such assault was eliminated, as shown in the record, by the trial court's charge and by the indictment herein shown, as well as by the record in our cause No. 18,383, in which the appeal was dismissed on the date above stated, and such dismissal only inured to relator's benefit and he cannot be heard to complain thereof. See Sweeney v. State, 103 Tex. Cr. 393, 281 S. W. 571, and authorities there cited.

This man had experience in court trials, he having been convicted heretofore and enjoyed a suspended sentence. He had sufficient knowledge to object, except and give notice of appeal in the original case. He filed a motion for a new trial alleging the verdict to be contrary to the law and the evidence; he excepted to the trial court's action in overruling his motion and gave notice of appeal to this court, and was granted 30 days in which to file bills of exception and a statement of facts; and upon his sentence, he again excepted and gave proper notice of appeal.

Relator stated in this hearing that he knew nothing about a pauper's oath relative to a statement of facts and did not

attempt to have same made out, and that he did not request any financial aid from any of his kinsfolk.

An arraignment is had in Texas only upon one being tried for a capital offense. Art. 491, C. C. P. Only those tried for such capital offenses are entitled under our laws to the services of court-appointed counsel. Art. 494, C. C. P. Upon a dismissal of the capital portion of this offense, under our statute, the trial court was under no duty to appoint counsel. See Holton v. State, 143 Tex. Cr. R. 415, 158 S. W. (2d) 772; Stanfield v. State, 152 Tex. Cr. R. 324, 212 S. W. (2d) 516; Parsons v. State, 153 Tex. Cr. 157, 218 S. W. (2d) 202; Ex parte Epperson, 153 Tex. Cr. R. 211, 223 S. W. (2d) 790; Ex parte Johnson, 153 Tex. Cr. R. 619, 224 S. W. (2d) 240.

It appears to us that this man who went to school to the 8th grade, who had previously been tried and convicted in the court, and who evidenced sufficient knowledge in such matters to appeal such case and later to dismiss same, was not taken advantage of by the prosecuting officers when they voluntarily dismissed the portion of the indictment that called for a possible death penalty. We are impressed with the idea that this is an effort to now reinstate his voluntarily dismissed appeal and have same reconsidered by us nearly fifteen years after his trial. No testimony is present herein save his alone, and if our statute, Art. 494, C. C. P., is allowed any dignity, he was not entitled under such to have an attorney appointed by the court to present his defense. The statute has not been repealed and still remains upon our statute books.

The writ will be denied.

Hawkins, P. J., absent.

### ON MOTION FOR REHEARING.

WOODLEY, Judge.

Relator, in his motion for rehearing, complains of the disposition of his contention regarding the allegation of the use of firearms.

As originally prepared, the indictment contained the allegation "and then and there by using and exhibiting a firearm, to-wit, a pistol."

This allegation was stricken from the indictment by a line drawn through such words with a pencil.

It is not shown that such allegation was stricken from the indictment after it had been returned by the grand jury, unless the docket entry offered by relator be considered sufficient for that purpose.

The docket sheet as shown by relator's Exhibit No. 4 contains the following entry:

"12/20/35 State dismissed firearms count before announcement by either party to which defendant excepted."

Relator, relying upon such proof, is in no position to complain that the docket entry is insufficient to show the consent of the court to the dismissal by the district attorney of the capital feature of the charge.

Upon appeal, a different question might be presented. But in this proceeding relator is bound to show the illegality of his conviction and confinement.

Whether the capital feature of the indictment was stricken prior to the return of the indictment or was thereafter dismissed with the consent of the court as indicated by the docket entry offered by relator, the trial was upon a charge of robbery, a non-capital offense.

We express the view that the trial court, where possible, should grant the request of an indigent accused for counsel in any felony case. But, the statute does not so provide.

Relator's motion for rehearing is overruled.

Opinion approved by the court.