### Ex parte Otis PARSONS.

### No. 36635.

### Court of Criminal Appeals of Texas.

### Jan. 22, 1964.

William F. Walsh, Houston, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

MORRISON, Judge.

Petitioner, an inmate of the Texas Department of Corrections, alleges that the conviction by virtue of which he is confined is void because he requested that counsel be appointed to represent him, that such request was denied and that since he was indigent, he was forced to trial without the services of an attorney, the result of which his punishment was assessed at life imprisonment, as an habitual criminal.

Petitioner's appeal (Parsons v. State, 153 Tex.Cr.R. 157, 218 S.W.2d 202) was affirmed and his prior applications for writs of habeas corpus have been denied upon the authority of Betts v. Brady, 316 U.S. 455, 62 S.Ct. 1252, 86 L.Ed. 1595. Prior to the submission of petitioner's present application, Betts v. Brady, supra, was overruled by Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799.

We ordered the Honorable Edmund B. Duggan, Judge of the Criminal District Court of Harris County to hold a hearing and develop the facts concerning such allegations. This has been done and petitioner was able to establish that he asked the District Attorney to see that an attorney be appointed to represent him, that the District Attorney had a private conversation with the Judge and then reported to him that the Judge had said that petitioner had been out on bail, had had plenty of time to secure the services of an attorney, and refused to appoint an attorney for him because he was not charged with a capital

case. He further testified that he was without funds to employ an attorney.

Deputy Sheriff Treadway, who was present in court when petitioner was tried, testified that he had no attorney, that the Judge instructed the prosecutors to go over and talk to petitioner, following which the trial proceeded with no attorney representing petitioner.

The State was unable to contradict any of the foregoing testimony.

In Ex parte Hope, Tex.Cr.App., 374 S. W.2d 441, we have discussed our interpretation of the effect of Gideon, and our conclusions therein expressed are adopted and made a part of this opinion. It is therefore ordered that petitioner be discharged from his present custody and that he be transferred to the County Jail at Harris County to stand trial on the original indictment there pending against him.

It is so ordered.