### Ex parte J. D. HOPE.

### No. 36634.

Court of Criminal Appeals of Texas.

Jan. 22, 1964.

Ragan & Weaver, by Carroll S. Weaver, Houston, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

MORRISON, Judge.

Petitioner, an inmate of the Texas Department of Corrections, made application to this Court in 1950 alleging that the conviction by virtue of which he was confined was void because at the time of his trial, he was indigent; that he asked the court to appoint counsel to represent him, which request was by the court refused; and that he was forced to trial without counsel and was sentenced to 50 years. In our opinion (Ex parte Hope, 154 Tex. Cr.R. 456, 228 S.W.2d 171) we denied the writ, but concluded the opinion with this observation: "We express the view that the trial court, where possible, should grant the request of an indigent accused for counsel in any felony case."

Since the rendition of the above opinion, the Supreme Court of the United States has held in Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799, that all those indigent accused are entitled under the due process clause of the Federal Constitution to counsel at their trials. Following the decision in Gideon, petitioner again applied to this Court for writ of habeas corpus, relying upon Gideon. The Court ordered the Honorable David C. Moore, Judge of the 124 Judicial District to develop the facts in connection with petitioner's allegations. Upon learning that Judge Moore was disqualified to hear such petition, we ordered the Honorable Joseph C. Gladney, Judge of the 4th Judicial District to hear the petition in the place of Judge Moore. Such petition has been heard, and petitioner, represented by counsel, has established that on the court's docket in the handwriting of the Judge who originally tried petitioner in 1935, but who is now deceased, there appears the notation, "Defendant requested Court to appoint counsel to represent him and upon Court's refusal

the defendant excepted." It was further shown that appellant was indigent and had only an eighth grade education. The State made no effort to refute any of these facts.

▆ The Supreme Court of the United States is our appellate Court in due process questions, and in deference to their decision in Gideon, we have no alternative but to grant the writ of habeas corpus. It is therefore ordered that petitioner be discharged from his present custody and that he be transferred to the County Jail of Gregg County to stand trial on the original indictment there pending against him.

It is so ordered.