**Ex parte Clarence Harley LEE.**

**No. 38530.**

Court of Criminal Appeals of Texas.

June 23, 1965.

---

Clarence Henry Lee, in pro. per.

Leon B. Douglas, State's Atty., Austin, for the State.

MORRISON, Judge.

Petitioner, an inmate of the Texas Department of Corrections, made application to this Court for writ of habeas corpus alleging that he was not represented by counsel at the time of his trial for burglary in 1953, when he was found guilty and sentenced to life imprisonment as an habitual offender. He further alleges that he was without funds to hire counsel and that he requested that counsel be appointed to represent him, but that such request was by the court refused.

In 1957, petitioner made application to this Court for writ of habeas corpus alleging that he was indigent when he was tried in the District Court of Hunt County and that he was not represented by counsel at such trial. We denied the application relying on Betts v. Brady, 316 U.S. 455, 62 S. Ct. 1252, 86 L.Ed. 1595. Since the denial of petitioner's prior writ, the Supreme Court of the United States has overruled Betts v. Brady, supra, in the case of Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799.

The Honorable Joe H. Chapman, Judge of the 8th Judicial District Court of Hunt County has certified to this Court that petitioner was without counsel at the time of his trial.

Under the holdings of the Supreme Court in Gideon v. Wainwright, supra, and the decisions of this Court in Ex Parte Hope, Tex. Cr.App., 374 S.W.2d 441, Ex Parte Parsons, Tex.Cr.App., 374 S.W.2d 442, Ex Parte Bushnell, Tex.Cr.App., 375 S.W.2d 720, and Ex Parte Hamilton, Tex.Cr.App., 376 S.W. 2d 575, petitioner's conviction is void.

Accordingly, it is ordered that petitioner be released from his present custody and that he be delivered to the custody of the Sheriff of Hunt County to stand trial on the original indictment in said cause No. 8538 in said Court.