Bobbie George BRIDGES, Petitioner,

v.

Dr. George J. BETO, Director, Texas Department of Corrections, Respondent.

Civ. A. No. 65-H-328.

United States District Court
S. D. Texas,
Houston Division.

Oct. 5, 1965.

Bobbie George Bridges, pro se.

Waggoner Carr, Atty. Gen., of Texas (Sam R. Wilson, Asst. Atty. Gen., of Texas), for respondent.

NOEL, District Judge.

This case is before the Court upon the application of Bobbie George Bridges, hereinafter called petitioner, for writ of habeas corpus.

In his petition filed June 3, 1965, petitioner alleged his present incarceration to be in violation of his constitutional rights for three reasons: (1) that his confession introduced into evidence at his state trial was the "fruit" of an unlawful arrest under the Fourth and Fourteenth Amendments; (2) that his request for counsel prior to his giving of this statement was refused in violation of the Sixth and Fourteenth Amendments; and (3) that his prior convictions were read to the jury at his state trial in violation of the due process clause of the Fourteenth Amendment. State remedies have been exhausted on each of these three points. Petitioner's third contention may be dismissed as a matter of law, as it has recently been held by the Court of Appeals for the Fifth Circuit that the Texas practice of reading prior convictions to the same jury that decided the question of innocence or guilt violates no provision of the Constitution. See: Breen v. Beto, 341 F.2d 96 (1965). It would appear, however, that an evidentiary hearing is warranted, within the meaning of Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963), to determine the facts relating to petitioner's first and second allegations.

Petitioner has raised a fourth question of constitutional dimension, however, in his answer to respondent's answer filed on July 21, 1965. He contends that, within the meaning of Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1963), "he was denied a fair hearing and reliable determination on the issue of voluntariness of the confession used against him at his trial." This question in its present posture is not ripe for consideration by this Court due to the fact that petitioner does not allege that it has been presented and passed upon by the Texas Court of Criminal Appeals. See: Fay v. Noia, 372 U.S. 391, 436, 83 S.Ct. 822, 9 L.Ed.2d 837 (1962); Brown v. Allen, 344 U.S. 443, 447, 73 S. Ct. 397, 97 L.Ed. 469 (1953); and Whippler v. Balkcom, 342 F.2d 388, 390 (5th Cir. 1965). As the Texas Court of Criminal Appeals will entertain a second application for writ of habeas corpus, see: Ex parte Hope, 374 S.W.2d 441 (1964), and Ex parte Parsons, 374 S.W.2d 442 (1964), petitioner has a presently available remedy whereby he may have this question first determined by that Court. It is particularly appropriate in this case that the Court of Criminal Appeals have an opportunity, in light of its holdings in Lopez v. State of Texas, 384 S.W.2d 345 (1964), and Harris v. State of Texas, 384 S.W.2d 349 (1964), to act on this contention arising under Jackson v. Denno, supra.

It would appear that the proper procedure for pursuing the remedy of state writ of habeas corpus is that provided by Article 119 of the Vernon's Ann. Texas Code of Criminal Procedure. This act provides in pertinent part as follows:

"After final conviction in any felony case the writ must be made returnable to the Court of Criminal Appeals of Texas at Austin, Texas. The writ may issue upon the order of any district judge, and said judge may upon presentation to him of a petition for said writ, set the same down for a hearing as to whether the writ should issue, and ascertain the facts, which facts shall be transmitted to the Court of Criminal Appeals with the return of the writ if same is issued after such hearing. * * *

"The clerk of the Court of Criminal Appeals shall forthwith docket the cause and same shall be heard by the court at the earliest practicable time. Upon reviewing the record the court shall enter its judgment remanding the petitioner to custody or ordering his release, as the law and facts may justify. The mandate of the court shall issue to the court issuing the writ, as in other criminal cases. After conviction the procedure outlined in this Act shall be exclusive and any other proceeding shall be

void and of no force and effect in discharging the prisoner."

■ Although the Act states that any district judge may issue the writ, the better practice in cases involving the Jackson v. Denno question would be to bring, where possible, the application for writ of habeas corpus to the district judge who tried the petitioner, to enable him to make a record as to whether he determined the petitioner's confession to be voluntary, as opposed to not involuntary as a matter of law, prior to submitting it to the jury. See Smith v. State of Texas, D.C., 236 F.Supp. 857 (1964). If the district judge failed to make such an independent determination of voluntariness at the time of trial, he is afforded an opportunity to make such a determination at the hearing on the writ of habeas corpus, thereby providing the initial relief envisoned by the Supreme Court in Jackson v. Denno, supra.

In order to rule on all of petitioner's allegations at one time, this Court will withhold action and retain this case on its docket while petitioner is afforded an opportunity to exhaust his state remedies on his allegation that his confession was submitted to the jury in the manner proscribed by Jackson v. Denno, supra.

■ If petitioner elects to follow this suggested procedure, he shall communicate with the Clerk of this Court when action has been taken by the Texas Court of Criminal Appeals, and it will then be determined what further proceedings, if any, are to be had in this Court. Petitioner will notify the Clerk immediately in the event he decides not to exhaust his state remedies as to the Jackson v. Denno question, as suggested, and this Court will then proceed to act upon the first two allegations found in his original petition. By following this procedure petitioner would, of course, within the meaning of Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938), waive all rights to further pursue his Jackson v. Denno allegation in this proceeding.