BRADY CUMMINGS V. THE STATE.

No. 10105.  Delivered April 14, 1926.

1.—Theft—Statement of Facts—Art. 760 C. C. P. 1925 Construed.

Under Art. 760 C. C. P. 1925, when any felony case is appealed, if the defendant makes an affidavit that he is unable to pay for a transcript, the court reporter shall make a narrative statement of facts and deliver it to such defendant. Appellant in this case not having made such affidavit, cannot be heard to complain of the failure of the official reporter to furnish him with a statement of facts.

2.—Same—Continued.

The foregoing statute also provides that where the court appoints an attorney to represent the defendant in a criminal action, the court reporter is required to furnish such attorney, after conviction, with a transcript of his notes. This provision of the statute only applies in capital cases where the court is required to appoint an attorney to represent the defendant. Following Pennington v. State, 13 Tex. Crim. App. 44 and other cases cited.

Appeal from the District Court of Liberty County. Tried below before the Hon. Thos. B. Coe, Judge.

Appeal from a conviction for theft, penalty two years in the penitentiary.

*Conrad A. Smith* of Houston, for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

BERRY, JUDGE.—The offense is theft, and the punishment is two years in the penitentiary.

No statement of facts has been filed in this court. Appellant's attorney files an affidavit in which he states in effect that sometime during the fall of 1925 he was in Liberty County when the case of State v. Brady Cummings was tried. That the defendant asked the court to appoint counsel to assist him in as much as he was unable to hire counsel in his behalf, which request the court refused. That after the conviction of the appellant and when he appeared for sentence he gave notice of appeal and the judge of the district court of Liberty County appointed the affiant to perfect an appeal for the defendant, at which time a formal motion for a new trial was filed and overruled. Affiant further states that the defendant is financially unable to assist himself in the trial and that he is a pauper and that he, affiant, requested the official court reporter to give him a statement of facts in the case, that he might file it and that the court reporter promised to do this; that some fifteen or twenty days later affiant met the court reporter and asked that he prepare the statement of facts, telling him that defendant's people had raised no money in this behalf and that he could never get a statement of facts prepared for the appellant. That he then asked the trial court to direct the court reporter to prepare a statement of facts in the case in as much as the court had appointed affiant to perfect the appeal of the appellant and the court gave no definite answer but said he would look into the matter.

The affidavit of appellant's attorney is rather lengthy but in addition to the above, the substance of it is that the court refused to require the court reporter to furnish a statement of the facts.

Subdivision 6, Art. 760, C. C. P., 1925 Revision, provides that "when any felony case is appealed and the defendant is not able to pay for a transcript of the testimony or give security therefor he may make affidavit of such fact and upon the making of such affidavit the court shall order the official reporter to make a narrative state of facts and deliver it to such defendant. In all cases where the court is required to and does appoint an attorney to represent the defendant in a criminal

action such reporter shall be required to furnish the attorney for said defendant, if convicted and when an appeal is prosecuted, with a transcript of his notes.   For each said service he shall be paid by the State of Texas upon certificate of the trial judge one-half of the rate provided by law in civil cases."

It is clear from the record before us that appellant does not bring himself within the first provision contained in said subdivision of the statute for the reason that the appellant did not make any affidavit to the effect that he was not able to pay for a transcript of the testimony or to give security therefor. The transcript contains no affidavit of the appellant.   If appellant therefore was entitled to anything it was to have the reporter furnish his attorney with a transcript of his notes.

The case at bar was not a capital case.   It was an ordinary felony and it is only in capital cases that the court is required to appoint an attorney to represent the defendant in a criminal action.   Pennington v. State, 13 Tex. Crim. App. 44; Brotherton v. State, 30 Tex. Crim. App. 369, 17 S. W. 932; Mass v. State, 81 S. W. 46; Brown v. State, 52 Tex. Crim. Rep. 267, 106 S. W. 368; Burden v. State, 70 Tex. Crim. Rep. 349, 156 S. W. 1196.

The fact that counsel was appointed by the court to perfect appellant's appeal was in the nature of an act of grace and accommodation on the part of the court.   It is clear from the authorities above cited that he was not required to do this and it is only in cases where the court is required to and does appoint an attorney to represent the defendant in a criminal action that the court reporter is required to furnish the attorney for said defendant if convicted and when an appeal is prosecuted with a transcript of his notes.   From what has been said it follows that in our opinion the court was not in error in refusing to require the court reporter to furnish appellant's attorney with a statement of facts in this case.

There are no bills of exceptions and no complaints as to procedure contained in the record, and there being nothing to show error, the judgment is in all things affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.