EX PARTE B. E. EPPERSON.

No. 24466. October 26, 1949.

No attorney of record on appeal.

*George P. Blackburn,* State's Attorney, Austin, for the state.

KRUEGER, Judge.

Relator, who is confined in the state penitentiary by virtue of two felony convictions less than capital, has applied to this court for a writ of habeas corpus by means of which he seeks to obtain his release from said institution. He bases his contentions for the writ and his release thereunder on the sole ground that the trial court declined to appoint counsel for him to represent him on the trial of his case; that this was a violation of his rights under the due process clause of the 14th Amendment of the Constitution of the United States.

The Presiding Judge of this Court, to whom the application for the writ was presented, ordered the clerk of this court to file said application together with all documents accompanying the same and forward the same to the Hon. Paul Moss, the judge of said court of conviction, and requested him to develop the facts and to transmit the testimony in narrative form together with all other proceedings to this court. The judge of said court complied with the order of this court and the entire record is now before this court for final disposition.

The judgments of conviction, under and by virtue of which relator is confined in the penitentiary, are not void for the reason that the trial court had potential jurisdiction of the offense charged, and active jurisdiction of the person of relator, since he was present before the court and entered a plea of guilty to each charge and the court had the legal power to render and enter the particular judgment and pronounce sentence upon him. Thus, it will be noted that he is seeking to substitute the writ of habeas corpus for the remedy of an appeal accorded him by the law of this state. This, he cannot do under the procedure of our state. See Branch's Ann. Penal Code, page 150, Sec. 239; Ex parte Burford, 70 Tex. Cr. R. 281, 156 S. W. 686, and Ex parte Meers, 129 Tex. Cr. R. 465, 88 S. W. 2d 100. In the instant case relator could have brought the matter, of which he now complains, directly before this court by an appeal. This he declined to do for reasons undisclosed by the record, but waited for two years and then seeks by writ of habeas corpus to set aside judgments which the trial court had the power to render and enter.

We do not believe the question here presented falls within the purview of the 14th Amendment for the reasons hereinafter pointed out. Cooley on Constitutional Limitations, 8th Ed., Vol. 1, page 66, after quoting the 10th Amendment to the Constitution of the United States, interprets the same as follows: "* * * And it is to be observed of this instrument, that being framed for the establishment of a national government, it is a settled rule of construction that the limitations it imposes upon the powers of government are in all cases to be understood as limitations upon the government of the Union only, except where the States are expressly mentioned. As illustrations, the sixth and seventh amendments to the Constitution may be mentioned. These constitute a guaranty of the right of trial by jury; but, as they do not mention the States, they are not to be understood as restricting their powers; and the States may, if they choose, provide for the trial of all offenses against the States, as well as for the trial of civil cases in the State courts, without the intervention of a jury, * * *." We believe that the foregoing interpretation of the constitutional amendment is sound. Cooley is recognized as an authority on constitutional limitations and is often quoted with approval by appellate courts. In support of what we have said here, we refer to the case of Holton v. Texas, 143 Tex. Cr. R. 415, 158 S. W. 2d 772, 316 U. S. 703, 86 L. Ed. 1771, which involved the identical question here presented. The Supreme Court of the United States, in that case, denied a writ of certiorari with which decision we are in accord.

In the instant case relator, with the consent of the state's attorney and the approval of the trial court, was permitted to waive a trial by jury. He entered a plea of guilty to the court, but before the careful trial judge permitted him to plead guilty, he, in no uncertain terms, admonished him of the consequences of such a plea, but, notwithstanding such admonition, relator persisted in pleading guilty to the charge contained in each indictment as reflected by the record. He was about 38 years of age, had gone through the 10th grade of public school; that he was pretty well familiar with criminal law and procedure is reflected in his application for a writ of habeas corpus wherein he refers to and cites the amendments to the Federal Constitution and our state statutes. This is all in his own handwriting, written with pen and ink and is signed and sworn to by him in conformity with the statute in such cases. He was not a young ignorant boy. He had no defense and does not claim that he had any extenuating circumstances to offer in mitigation of the punishment prescribed by law for the offense with which

he was charged. What beneficial services could an attorney have rendered him? None. Consequently, as we view the record, the appointment of an attorney would merely have been a useless formality. In the case of Uveges v. Pennsylvania, 335 U. S. 437, Vol. 93, page 152, 69 S. Ct. 184, the Supreme Court of the United States, as we construe the opinion, found that the applicant was a boy 17 years of age, frightened by threats of dire consequences if he dared to stand trial; that he pleaded guilty under the direction of an assistant district attorney with the understanding that a sentence to a reformatory would be imposed. This would indicate an unfair trial.

If we correctly comprehend the holding of the Supreme Court in the case of Gibbs v. Burke, reported in 337 U. S. 773, Vol. 93, page 152, of the L. Ed. 1949, that court granted the writ of certiorari on the ground that relator had a defense to the charge of burglary which he was not competent to properly present to the court and jury; that much inadmissible evidence was admitted which was subject to objection; that relator was not familiar with the law of evidence to protect his legal rights. Such, however, is not the case here. In the instant case it is not even claimed that he had any defense; that any undue advantage was taken of him by the prosecuting attorney, or any inadmissible evidence introduced by the state against him, or that the trial was in any respect unfair. If it had been he would have mentioned the same. Consequently, he bases his application on the sole ground that, notwithstanding he had no defense nor any extenuating circumstances to offer on his trial, he was nevertheless entitled to representation by an attorney and the court's failure to appoint an attorney to represent him was a denial of the due process clause in the 14th Amendment of the Constitution of the United States. With this contention we do not agree, nor do we agree that under the facts here presented relator is entitled to be discharged.

In the case of Parsons v. State, 218 S. W. 2d 202, 153 Tex. Cr. R. 157, we referred to the Holton case, and Uveges v. Commonwealth of Pennsylvania case, supra, and also took note of Bute v. Illinois, 333 U. S. 640, and Betts v. Brady, 316 U. S. 445, 86 L. Ed. 1595, and stated our understanding of the present holding of the Supreme Court of the United States upon the question now before us to be that:

"* * * the necessity for furnishing counsel to an accused upon trial for a crime less than capital depends, in a State court, upon the facts in each case, in the determination of which there must be taken into consideration the gravity of the

crime, the age and education of the accused, the conduct of the court or prosecuting officials, and the complicated nature of the offense charged, and the possible defense thereto."

Giving effect to what we still understand to be the present holding of the Supreme Court of the United States we cannot bring ourselves to the conclusion that the facts in the instant case bring it within the rules announced by that court.

The writ of habeas corpus is therefore denied.

Opinion approved by the court.