## EX PARTE JAMES M. BUSHNELL

No. 33,970. January 3, 1962
Motion for Rehearing Overruled February 14, 1962

Relator represented himself.

*Leon Douglas,* State's Attorney, Austin, for the state.

WOODLEY, Presiding Judge.

The following order dated August 29, 1961, will suffice as explanation of this habeas corpus proceeding.

"The mandate of the Supreme Court of the United States, in its Cause No. 561 styled James M. Bushnell, Petitioner v. O. B. Ellis, Director, Texas Department of Corrections, directs this court to grant Petitioner James M. Bushnell a hearing upon his petition for writ of habeas corpus denied by this court without written order on January 15, 1960, which, together with the motion for rehearing denied by this court on February 16, 1960, appears in the 'Transcript of Record' in said Cause No. 561 in the Supreme Court of the United States.

"The application attacks as void the conviction in a jury trial in the 128th District Court of Orange County, Texas, on June 20, 1944, which resulted in a sentence of not less than 5 years nor more than 35 years for robbery, a non-capital felony. The Petitioner is now serving said sentence.

"The conviction is claimed to be void because violative of the 6th and 14th Amendments to the Constitution of the United States, and presents the question: 'Whether due process of law was violated as guaranteed by the 14th Amendment to the Constitution of the United States in that Petitioner was forced to trial, in a Texas State Court for a serious charge of robbery * * * a criminal offense, without the court appointing counsel to represent him and protect his rights, and Petitioner being an indigent person with a sixth grade education, not being familiar with, or skilled, nor trained, in the science of law, and unable to defend himself adequately in any court room for any charge.'

"Also in the application reference is made to the 6th Amendment relating to the right 'to have the assistance of counsel'.

" 'The petition for rehearing' seeking to have this court set aside its order of January 15, 1960, and grant the petition for habeas corpus, alleges further that a confession was admitted in evidence against him which was 'extracted by coercion and duress' during a period of illegal detention. The motion for rehearing also alleged that the Petitioner was never taken before a magistrate as required by Art. 217 V.A.C.C.P.

"There also appears as a part of the 'Transcript of Record' a 'Statement of Facts' purportedly prepared and certified by the court reporter for the 128th Judicial District of Texas. This Statement of Facts has not before been brought to the attention of this court. It apparently was prepared long after the application and petition for rehearing had been denied without filing by this court, and after the Supreme Court had taken jurisdiction of the matter. The Statement of Facts does not appear to have been agreed to by counsel or approved by the trial judge, as required by the statutes of Texas. Art. 759(a) V.A.C.C.P. It is brought to the attention of this court for the first time in the transcript filed in the Supreme Court.

"A number of petitions for habeas corpus have been presented to this court by the petitioner. One, sworn to by him on February 4, 1954, contains the allegation that at his trial he entered a plea of not guilty, and thereafter 'took no part in the proceedings, he asked no questions and made no attempt to conduct any defense—because he did not know how.'

"Contrary to this averment, the Statement of Facts appearing in the Transcript of the Record in the Supreme Court contains a number of questions propounded by the defendant, and testimony given by him.

"The 1954 application sworn to by petitioner also contains the averment 'The complaining witness, who was the only eye witness, called by the prosecution, freely admitted that he never saw his assailant and that he could not identify relator.'

"According to the Statement of Facts shown in the Transcript filed in the Supreme Court, the complaining witness Myers positively identified the defendant on trial as the man who assaulted and beat him with a pistol, cursed him; threatened to 'shoot a bullet through my brain', and took his money and other personal property.

"Application to file the 1954 petition was denied by written order on February 15, 1954.

"Subsequent applications sworn to by the petitioner on November 30, 1957; December 31, 1958, and June 16, 1959, and the petition which the Supreme Court has directed this court to hear, sworn to on January 5, 1960, re-urge the contention that the trial judge's failure to provide counsel resulted in the denial of his constitutional rights under the 14th and 6th Amendments

to the Constitution of the United States. In none of these applications do we find any reference to or complaint regarding the confession introduced.

"In the petition sworn to January 5, 1960, upon which we are directed to grant a hearing, it is averred that at the time of his trial the petitioner 'was 22 years of age' and had only a sixth grade education. His brief states that he was in fact 25 years old at the time and suggests that the age shown in the petition was 'apparently a typographical error'.

"We notice that his application sworn to in 1954 states that at the time of his trial he 'was 20 years of age, without schooling and with less than average intelligence for a person of his age'.

"The first reference to the confession is found in the petition for rehearing sworn to January 22, 1961, and presented to this court after all of the petitions mentioned had been denied. The petition for rehearing contains the following allegation relating to the confession:

" 'Petitioner has brought himself within the rule by allegations in the petition alleging that Petitioner was mentally incompetent to present a defense to the serious offense with which he was charged—to come further within the rule, a confession taken during a period of illegal detention, and such confession being extracted by coercion and duress at the hands of Orange County officers, such confession was admitted in evidence by the State of Texas at the trial of Petitioner. Further, Petitioner was never taken before a magistrate as is required by Art. 217 V.A.C.C.P., and as injury arising therefrom, said confession was extracted by physical abuse of Petitioner, such abuse being administered by the Orange County police officers. Further, Petitioner was arrested without a warrant for the offense of drunk driving and upon being placed in jail Petitioner was questioned about the robbery of one gambler of Orange County, Texas. Petitioner denied any knowledge of any robbery, and the injured party was called upon to identify Petitioner. Upon a face to face meeting of Petitioner and the injured party, Petitioner could not be positively identified, thereupon, the physical abuse was imposed upon Petitioner, and thus the confession, used as evidence by the State of Texas, was extracted from Petitioner.

" 'Therefore, had Petitioner been afforded the constitutional right of assistance to counsel he could have presented the following defenses: Arrest without a warrant for the offense

charged; no positive identification; a valid objection could have been made to the admission of the confession as evidence, as such confession being taken during a period of illegal detention; force and physical abuse being imposed by police authorities to extract such confession; not being at the scene of the crime. All of the above mentioned defenses, in order to be properly presented, would most certainly require the assistance of counsel. Petitioner is now squarely within the rule that requires appointment of counsel in non-capital cases.' "

"The Honorable James N. Neff, presently Judge of the 128th Judicial District of Texas, is requested to grant and conduct a hearing giving the Petitioner full opportunity to prove his allegations relating to the confession and his claim that the court's refusal or failure to appoint defense counsel deprived the petitioner of due process of law.

"To this end, Judge Neff will, by bench warrant or otherwise, provide for the petitioner's presence at a hearing; appoint counsel to represent him at the hearing should he be without counsel; and order process issued for witnesses.

"For the convenience of the court and of the petitioner and counsel, the original applications presented to this court by petitioner; the 'Transcript of the Record' and the briefs presented to the Supreme Court of the United States, together with the mandate of that court, accompany this request. At the conclusion of the hearing, these documents and records will be returned to this court, together with a statement of the facts developed as provided by Art. 119 V.A.C.C.P.

"Woodley, Presiding Judge."

Pursuant to said order, hearing was had before District Judge Neff on September 29, 1961, he having on September 8, 1961, appointed Honorable Emmett Wilburn to represent the petitioner.

A statement of the facts adduced at the hearing is before us which includes the stipulation that the statement of facts included in the Transcript of the Record that was before the Supreme Court of the United States is the best record available.

From the evidence adduced at the hearing before Judge Neff, it is fair to say that these facts are undisputed:

The petitioner herein was tried for the non-capital offense

of robbery without counsel, and was found guilty and assessed a term of 35 years in the penitentiary. He is now serving an indeterminate sentence of not less than 5 nor more than 35 years, sentence having been pronounced June 20, 1944.

The Texas Statutes did not, at the time in question, require the trial judge to appoint counsel for an indigent accused in a non-capital robbery case. The statute has since been amended. (Art. 494 V.A.C.C.P.)

Petitioner testified that he was 25 years old on June 20, 1944; had only a first grade education—never got out of the first grade; worked as a roughneck in the oil fields.

Clyde (Hop) Williamson, who was Constable of Precinct 4 of Orange County in 1944, and at the time of the hearing, and I. W. Thompson, Deputy Sheriff in 1944, who had since retired, and Harry Christian who was with said officers at the time, each denied that petitioner was abused, assaulted or mistreated as he testified he was, by Mr. Thompson and Mr. Williamson.

The confession was not shown by the undisputed evidence to have been extracted by physical abuse or otherwise unlawfully obtained. It was admissible and could be used against him, under the testimony of the officers.

The question resolves itself into whether under these facts, considering the age and education of the petitioner, the complexity of the proceedings and the seriousness of the offense charged, he was deprived of due process of law by the trial judge's refusal or failure to appoint counsel to defend him. We think not.

We are persuaded that if the Supreme Court held to such view petitioner's conviction would have been set aside. Instead, this court was instructed to grant petitioner a hearing upon his petition. This having been done, petitioner has failed to sustain his allegation that his confession was unlawfuly obtained and should have been excluded.

The relief prayed for is denied.