

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

April 24, 1962

Honorable Burton S. Burks, Sr.    Opinion No. WW-~~1336~~ /320
County Attorney
Hood County                       Re: Whether a magistrate is
Granbury, Texas                       authorized under the law
                                      to appoint counsel to
                                      represent an indigent de-
                                      fendant charged with a
                                      felony, in an examining
                                      court, and related
Dear Mr. Burks:                       questions.

        Your request for an opinion presents these three
questions:

        1. Is a magistrate, such as a Justice
    of the Peace, authorized under the law to
    appoint counsel to represent an indigent
    defendant, charged with a non-capital
    felony, in an examining court?

        2. Is a magistrate, such as a Justice
    of the Peace, authorized under the law to
    appoint counsel to represent an indigent
    defendant, charged with a capital felony,
    in an examining court?

        3. Is a Commissioners Court authorized
    to pay such court-appointed attorney for his
    services rendered in an examining court?

        Article 35, V.C.C.P., provides as follows:

    "When the magistrate sits for the pur-
    pose of inquiring into a criminal accusa-
    tion against any person, this is called an
    'examining court.'"

        Article 245, V.C.C.P., provides as follows:

    "When an accused has been brought before
    a magistrate, that officer shall proceed to
    examine into the truth of the accusation

made, allowing the accused, however
sufficient time to procure counsel."
(Emphasis added)

Article 250, V.C.C.P., provides, among other things,
that if no counsel appears, either for the State or for the
defendant, the magistrate may examine the witnesses; and
the accused has the same right.

The purpose of a preliminary examination is three-
fold: (1) To inquire concerning the commission of a crime
and the connection of the accused with it, in order that
he may be informed of the nature and the character of the
crime charged against him, and, if there is probable cause
for believing him guilty, that the State may take the neces-
sary steps to bring him to trial. (2) To preserve the evi-
dence and keep the witnesses within the control of the State.
(3) To determine the amount of bail if the offense is bail-
able.

The Constitution of the United States does not require
that the accused be furnished counsel at a preliminary hear-
ing in the prosecution for either a Federal or State offense.
State of Utah v. Sullivan, 227 Fed.2d 511 (C.C.A. 10th, 1955,
cert. den., 350 U.S. 973), Hawk v. Olson, 326 U.S. 271 (1945).
The right to be furnished counsel under the provisions of the
Federal Constitution does not accrue until an indictment is
returned or an information or other like charge is lodged
against the accused. State of Utah v. Sullivan, supra, Hawk
v. Olson, supra. In the absence of constitutional or statu-
tory provisions, there is no requirement that counsel must
be appointed for the accused at a preliminary examination.
22 C.J.S. Crim. Law, § 339(c), p. 877.

Article 494, V.C.C.P., before amendment, read as
follows:

"When the accused is brought into court
for the purpose of being arraigned, if it
appear that he has no counsel and is too
poor to employ counsel, the court shall
appoint one or more practicing attorneys
to defend him. The counsel so appointed
shall have at least one day to prepare for
trial." (Emphasis added)

Under this Article it was mandatory for a court,
upon the arraignment of an indigent defendant accused of a

capital offense, to appoint counsel. Holton v. State, 158 SW2d 772 (Tex.Crim. 1942, cert. den. 316 U.S. 703), Ex parte Bushnell, 353 SW2d 438 (Tex.Crim. 1962). This Article, however, did not apply to non-capital felonies. Cummings v. State, 282 SW 227 (Tex.Crim. 1926). Even in capital cases, the imperative duty of a court to appoint counsel arose only on apprisal that accused was too poor to employ counsel, and only upon the arraignment of the accused. Ex parte Mays, 212 SW2d 164 (Tex.Crim. 1948), Ex parte Grayson, 217 SW2d 1007 (Tex.Crim. 1949).

Article 494, V.C.C.P., was amended in 1959 by the 56th Legislature to read as follows:

> "Whenever it is made known to the court at an arraignment or any other time that an accused charged with a felony is too poor to employ counsel, the court shall appoint one or more practicing attorneys to defend him.
>
> "The counsel so appointed shall have ten days to prepare for trial unless such time be waived in writing by said attorneys and the accused." (Emphasis added)

Section 2 of the amending act of Article 494 provided as follows:

> "The fact that Article 494 only applies to capital cases and does not apply to ordinary felonies creates an emergency ...."

Article 494a, V.C.C.P., provides for the compensation of counsel appointed to defend an indigent defendant, and was amended to increase the compensation in 1959 by the 56th Legislature. As amended, Article 494a, V.C.C.P., reads in part as follows:

> "Section 1. Whenever the court shall appoint one or more counsel to defend any person or persons pursuant to law in any felony case in this state, each counsel may, at the discretion of the trial judge, be paid a fee in the sum of $25.00 per day for each day such appointed attorney is actually in trial court representing the person he has been appointed to represent...."
> (Emphasis added)

"Section 2.  No such allowance shall be
made unless an affidavit is filed with the
clerk of the court by the defendant showing
that he is wholly destitute of means to pro-
vide counsel, and that he has not been re-
leased on bail bond."  (Emphasis added)

By the language of the above quoted section, the
appointed counsel can only be paid for the days he is ac-
tually in trial court.  The magistrate, under Article 245,
is sitting as an "examining court" and not as a trial
court.  Art. 35, V.C.C.P.; Brown v. State, 118 SW 139
(Tex.Crim. 1909).  The accused is not required to defend
himself upon the merits of the case and the magistrate is
not empowered to pass final judgment upon the guilt or
innocence of the accused.  The magistrate has only the
authority to make an order committing the defendant to
the jail of the proper county, discharging him, or admitting
him to bail.

It is our opinion that the language of Article 494a,
494b, and particularly Section 2 of the amending act of Art.
494, does not manifest an intent by the Legislature to extend
the provision of these Articles to an examining court.

It is our opinion, therefore, that a magistrate is
not authorized under Article 494 to appoint counsel to re-
present a defendant charged with either a capital or non-
capital felony in an examining court.  Your questions 1, 2,
and 3 are therefore answered in the negative.

## S U M M A R Y

A magistrate sitting as an examining
court is not authorized under Article 494,
V.C.C.P., to appoint counsel to represent
an indigent defendant charged with a capital
or non-capital felony, and the Commissioners
Court is not authorized to pay a court-
appointed attorney for services rendered at
an examining trial.

Very truly yours,

WILL WILSON
Attorney General of Texas

MFS:bjh

By *Marvin F. Sentell*
        Marvin F. Sentell
        Assistant Attorney General

MFS:bjh

APPROVED:

OPINION COMMITTEE:

W. V. Geppert, Chairman

John Reeves
Arthur Sandlin
Joseph Trimble
Elmer McVey


APPROVED FOR THE ATTORNEY GENERAL

BY:  Houghton Brownlee, Jr.