### Ex parte James M. BUSHNELL.

### No. 36767.

Court of Criminal Appeals of Texas.

Feb. 26, 1964.

James M. Bushnell, pro se.

Leon B. Douglas, State's Atty., Austin, for the State.

WOODLEY, Presiding Judge.

By petition for habeas corpus the petitioner renews his attack upon his sentence of not less than 5 years nor more than 35 years for robbery in Cause No. 4496, in the District Court of Orange County, on June 10, 1944.

A number of petitions for habeas corpus attacking said conviction have been presented to this Court and denied.

The judgment of this Court denying one of such petitions without a hearing was reversed by the Supreme Court of the United States and remanded to this Court with directions to grant petitioner a hearing, citing Uveges v. Pennsylvania, 335 U.S. 437, 69 S.Ct. 184, 93 L.Ed. 127; Cash v. Culver, 358 U.S. 633, 79 S.Ct. 432, 3 L.Ed.2d 557; McNeal v. Culver, 365 U.S. 109, 81 S.Ct. 413, 5 L.Ed.2d 445.

Pursuant to such directions, this Court requested the present Judge of the 128th Judicial District Court to conduct a hearing.

The record of the evidence adduced at the hearing was considered by this Court and the conclusion was reached that the petitioner had not been deprived of due process of law by the trial judge's refusal or failure to appoint counsel to defend him, or by the use of his confession as evidence against him. See Ex parte Bushnell, Tex.Cr.App., 353 S.W.2d 438.

Our holding as to the failure to appoint counsel was, we believe, consistent with the Supreme Court's opinion in Betts v. Brady, 316 U.S. 455, 62 S.Ct. 1252, 86 L. Ed. 1595. However, subsequent to our disposition of petitioner's former petition for habeas corpus, the Supreme Court overruled Betts v. Brady and the opinion of said Court in Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799, supports

the petitioner's contention that his conviction is void because he was indigent and the trial court failed to appoint counsel to defend him and he did not understandingly waive his right to counsel.

The petition for writ of habeas corpus is granted; the petitioner is ordered released from the penitentiary and delivered to the custody of the Sheriff of Orange County, Texas, to answer the indictment in Cause No. 4496 in the 128th District Court of Orange County.