Ex parte Luther Earl DAVIS.

No. 37015.

Court of Criminal Appeals of Texas.

June 10, 1964.

Luther Earl Davis, in pro. per.

Leon B. Douglas, State's Atty., Austin, for the State.

MORRISON, Judge.

Petitioner, an inmate of the Texas Department of Corrections, made application to this Court for writ of habeas corpus alleging that he was not represented by counsel at the time of his trial for burglary in 1945, when he was found guilty and sentenced to life imprisonment as an habitual offender. He further alleges that he was without funds to hire counsel and that he requested that counsel be appointed to represent him, but that such request was by the court refused.

Petitioner appealed his conviction to this Court and the judgment of the trial court was affirmed in Davis v. State, 148 Tex.Cr.R. 452, 188 S.W.2d 177. In this opinion it was observed that petitioner was not represented by counsel and that he personally attempted to examine the witnesses. After the receipt of this application, the judge of the trial court where petitioner was convicted, in answer to an inquiry from this Court, reaffirmed the fact that petitioner was tried without the benefit of counsel. The record also reflects that petitioner was financially unable to employ counsel for his defense. Since the rendition of our opinion in petitioner's case, a far reaching change in the law has been brought about by several opinions of the Supreme Court of the United States construing the constitutional rights of an indigent accused to court appointed counsel.

There is no affirmative showing that petitioner requested that counsel be appointed to represent him, however, under the holding of the United States Supreme Court in Carnley v. Cochran, 369 U.S. 506, 82 S.Ct. 884, 8 L.Ed.2d 70, this would not constitute a waiver of his constitutional right to be so represented, and there is nothing in the record to show that the petitioner competently and intelligently waived such right. Viewed in the light of Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed. 2d 799, petitioner's 1945 conviction is void. See also Ex parte Hope, Tex.Cr.App., 374 S.W.2d 441; Ex parte Parsons, Tex.Cr. App., 374 S.W.2d 442; Ex parte Bushnell, Tex.Cr.App., 375 S.W.2d 720; and Ex parte Hamilton, Tex.Cr.App., 376 S.W.2d 575.

It is therefore ordered that petitioner be released from his present custody and delivered to the custody of the Sheriff of Smith County to stand trial under the original indictment in Cause No. 13,951.