**Joe David DYCHES, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 37022.**

Court of Criminal Appeals of Texas.

Oct. 14, 1964.

W. R. (Ralph) Brown, Mineral Wells (On Appeal Only), for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

WOODLEY, Presiding Judge.

The offense is burglary; the punishment, enhanced by a prior conviction for a like offense, 12 years.

The evidence offered by the state shows that a Safeway Store in Mineral Wells, which was under the control and management of Thomas Simonton, alleged owner, was burglarized on the night of December 28th, 1963. Entry was obtained through a large hole made in the roof; the office was ransacked and locks on a metal cabinet were broken and money orders and Gold Bond Stamps kept in the locked cabinet were missing.

The appellant's confession made to the sheriff was offered in evidence. The trial judge, having heard the testimony of the sheriff and the appellant in the jury's absence, admitted the confession in evidence and no issue was raised before the jury as to its having been voluntarily made.

The confession contains the warning required by Art. 727 C.C.P. and reads in part: " * * * I was in Mineral Wells on the night of about the 28th of December, 1963 * * *. That night I went into a Safeway Store in Mineral Wells and went in by making a hole in the roof and got into the store through this hole in the roof. On the inside of the store some American Express money order blanks were gotten out of a filing cabinet that was in the office of this store, and some rubber stamps to be used in filling out the Express money orders."

The prior conviction of the appellant for burglary alleged in the indictment for enhancement of punishment under Art. 62 P.C. was shown by certified copies of the records, identifying fingerprints and expert testimony.

■ The evidence showing that a burgla-ry was committed, together with the confession of the appellant, is sufficient to sustain the conviction. Lyles v. State, 171

Tex.Cr.R. 468, 351 S.W.2d 886; Estes v. State, 160 Tex.Cr.R. 632, 274 S.W.2d 411.

Reversal is sought upon the ground that the appellant was denied due process of law by the failure of the trial court to provide him with counsel "at every stage of the trial and appellate proceedings."

Trial was had and judgment rendered on April 15, 1964. On the same day notice of appeal was given and affidavit was filed averring that the appellant was indigent and without money or means to employ counsel and prosecute an appeal, and praying that transcript and statement of facts be prepared and filed without cost to him.

Sentence was pronounced April 27, 1964.

The record shows that John Moore, an attorney who resides in Mineral Wells, represented the appellant through his trial and until after the defendant was sentenced and notice of appeal had been given. Mr. Moore then advised the court that he did not feel that he could further represent the appellant and desired to withdraw from the case. The court then, on July 23, 1964, appointed W. R. Brown, also an attorney who resides in Mineral. Wells, to further represent the appellant on appeal, and he has ably performed such service.

It is pointed out that no motion for new trial and no bills of exception were filed and the time for filing had expired prior to the appointment of Counsel W. R. Brown.

■ We are in accord with the view expressed in appellant's brief that trial counsel, having participated in the trial itself, is best qualified to prosecute an appeal and should not, without good cause, be permitted to withdraw from the case before the record on appeal has been perfected, if then.

■ We note, however, that the statement of facts approved by the court and agreed to by appellant's trial counsel and the district attorney was filed on June 15,

1964 and is properly before this Court, together with the transcript and supplemental transcript, and there is nothing in the record to show or indicate that the appellant was harmed by the failure of his counsel to file motion for new trial or formal bills of exception.

We overrule the contention that the appellant was denied due process of law.

The judgment is affirmed.