**Allie C. CLARK, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 38068.**

Court of Criminal Appeals of Texas.

March 31, 1965.

W. S. Foster, Waco, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

McDONALD, Presiding Judge.

The offense is Driving While Intoxicated; the punishment, a fine of $100.00 and seven (7) days confinement in the County Jail.

Appellant contends that she was assessed punishment without the assistance of counsel; that her lawyer and husband came to see her after she had entered a plea of guilty. The statement of facts approved by the trial court shows that she was brought to court at 9:40 A.M. and asked if she understood the nature of the charge; she answered that she did, and the court asked if she had had an opportunity to consult with an attorney; she replied that she had not; she was advised that she had a right to be represented by an attorney, that she was not required to enter a plea of guilty or not guilty at that time. The Court then asked appellant if she would like to speak to an attorney, and she stated that she did not want to speak to a lawyer, that all she wanted to do was to plead guilty, and she did thereupon plead guilty. The Court then asked the appellant if she was pleading guilty because she was actually guilty or if she was pleading guilty for some other reason, and the appellant replied that she was pleading guilty because she was actually guilty. The Court then accepted her plea of guilty and asked the appellant if she had

a statement she wished to make to the Court in connection with the case, and the appellant replied that she did not, and the Court then assessed the penalty.

We think the appellant competently and intelligently waived her right to counsel under the test of Carnley v. Cochran, 369 U.S. 506, 82 S.Ct. 884, 8 L.Ed.2d 70 and in Ex parte Davis, Tex.Cr.App., 379 S.W.2d 922.

Finding no reversible error, the judgment is affirmed.