**John Allen POLK, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 294–84.**

Court of Criminal Appeals of Texas,
En Banc.

Sept. 19, 1984.

John Allen Polk, pro se.

John Stauffer, Dallas, for appellant.

Henry Wade, Dist. Atty., Ruth E. Pla-genhoef, Bill Edie and Jim Nelson, Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty., Austin, for the State.

OPINION GRANTING APPELLANT'S
PETITION FOR DISCRETIONARY
REVIEW

MILLER, Judge.

Appellant was convicted of attempted murder and punishment was assessed at 30 years confinement in the Texas Department of Corrections. On direct appeal, the Dallas Court of Appeals overruled appellant's three grounds of error and affirmed the conviction in an unpublished opinion on January 12, 1984. We grant appellant's petition for discretionary review on appellant's third pro se ground of review and also remand to the trial court for, upon determination of appellant's indigency, appointment of counsel.

Both at trial and on appeal, the incarcerated appellant was represented by an appointed attorney. In his pro se petition for discretionary review filed in this Court on February 21, 1984, appellant reiterates the original grounds of error and "advise[s] this Honorable Court that he is indigent without counsel." After reviewing the opinion of the Court of Appeals, we hereby grant appellant's petition for discretionary review on his third ground only. In addition, we abate this cause and remand it to the trial court so that an attorney may be appointed to represent appellant in filing a brief in this Court on his behalf.

In *Ayala v. State*, 633 S.W.2d 526 (Tex. Cr.App.1982), this Court adopted the holding in *Ross v. Moffitt*, 417 U.S. 600, 94 S.Ct. 2437, 41 L.Ed.2d 341 (1974), that as a matter of federal constitutional law, an indigent defendant is not entitled to the appointment of counsel to assist him in *filing* a petition for discretionary review. We do not today question that holding. Our decision to remand is based instead on the facts of this case wherein a pro se petition for discretionary review has already been filed and we have agreed to review one of the grounds asserted in that petition. We find it unnecessary to discuss the constitutional ramifications of either *Moffitt* or *Ayala* in reaching our conclusion that it is appropriate to appoint an attorney at this stage of

the proceedings. Instead, we rely solely on statutory authority.

In *Moffitt*, Justice Rehnquist concluded his majority opinion by noting, "We do not mean by this opinion to in any way discourage those states which have, as a matter of legislative choice, made counsel available to convicted defendants at all stages of judicial review." *Id.*, 417 U.S. at 618, 94 S.Ct. at 2447. We find that the Texas Legislature, as a matter of legislative choice, has provided for the appointment of counsel once a petition for discretionary review has been granted by this Court.

Although the Legislature has not specifically enacted legislation which requires that counsel be appointed at *any* stage of appellate proceedings,[1] Art. 26.05 delineates those instances wherein the Legislature authorizes compensation of appointed counsel. Art. 26.05, in pertinent part, provides:

"Sec. 1. A counsel appointed to defend a person accused of a felony or a misdemeanor punishable by imprisonment, or to represent an indigent in a habeas corpus hearing, shall be paid from the general fund of the county in which the prosecution was instituted or habeas corpus hearing held, according to the following schedule:

"(e) *For the prosecution to a final conclusion of a bona fide appeal to a court of appeals or the Court of Criminal Appeals,* a reasonable fee to be set by the court but in no event to be less than $350;

"(f) For the prosecution to a final conclusion of a bona fide appeal to the Court of Criminal Appeals in a case where the death penalty has been assessed, a reasonable fee to be set by the Court but in no event to be less than $500." [2]

Thus, Art. 26.05 specifically authorizes the compensation of appointed attorneys in the prosecution of bona fide appeals to their final conclusion before the Court of Criminal Appeals in two separate instances: in death penalty cases, Art. 26.05, Sec. 1(f), and perforce, in non-death penalty cases, Art. 26.05, Sec. 1(e).

Before 1981, when Texas adopted a two-tiered criminal appellate system, Art. 26.05, Sec. 1(e), did not, of course, mention "bona fide appeal[s] to a court of appeals." When in coordination with the introduction of the new appellate system, the 67th Legislature amended Art. 26.05, Sec. 1(e), by Acts 1981, 67th Leg., p. 803, ch. 291, Sec. 106, eff. Sept. 1, 1981, the Legislature continued to provide compensation for appointed attorneys in prosecuting bona fide non-death penalty appeals to a final conclusion in the Court of Criminal Appeals. If the Legislature had intended that appointed attorneys were not to represent defendants before this Court except in death penalty appeals, then it would not have been necessary for Sec. 1(e) to retain the language authorizing the payment of appointed attorneys before the Court of Criminal Appeals. It could be argued that the language "or the Court of Criminal Appeals" was superfluous. Sound principles of statutory interpretation, however, require that a reviewing court presume that every word of the statute is used for a purpose. *Ex parte Santellana*, 606 S.W.2d 331 (Tex.Cr.App. 1980). It is also presumed that language in the statute is used with a meaning and purpose. *Alexander v. State*, 84 Tex.Cr.R. 75, 204 S.W. 644 (1918).

Accordingly, we must assume that the Legislature by its actions foresaw three different types of appeals: bona fide death penalty appeals before the Court of Criminal Appeals; bona fide non-death penalty appeals before the appropriate court of appeals; and those bona fide non-death penalty appeals concluding before the Court of Criminal Appeals.

The determination then must focus on what constitutes a "bona fide" ap-

---

**1.** Compare Art. 26.04, V.A.C.C.P., which requires the appointment of counsel at or before arraignment.

**2.** All emphasis throughout this opinion is supplied by the author unless otherwise indicated.

peal. Art. 37.071(f), V.A.C.C.P., in accordance with Tex Const. Art. V, Sec. 5, provides that a death penalty case will automatically be *reviewed* by this Court; consequently, Art. 26.05, Sec. 1(f) provides for the compensation of attorneys appointed to represent indigents in those appeals. Art. 44.08, V.A.C.C.P., in accordance with Tex. Const. Art. V, Sec. 6, provides that non-death penalty appeals are perfected to the appropriate court of appeals; hence, Art. 26.05, Sec. 1(e), provides for the compensation of attorneys appointed to represent indigents in those appeals. Art. 44.45, V.A.C.C.P., in accordance with Tex. Const., Art. V, Sec. 5, provides that the Court of Criminal Appeals, in its discretion, *may review* decisions of the courts of appeals. Once a petition for review has been granted, according to Art. 44.45, this Court can then "review the case." Therefore, we interpret Art. 44.45 as providing that a "bona fide" non-death penalty appeal for purposes of Art. 26.05 is one in which this Court has exercised its discretion and granted review. Once review has been granted, whether on our own motion or that of the State or the appellant, our rules recognize that the issue is now contested and the parties are joined. Thus, Tex.Cr. App.R. 306 *requires* that both parties file briefs after the granting of review. As a matter of policy we have recognized that an organized, meaningful brief from both parties is essential to the thorough explication of the grounds to which we have granted review. Unquestionably, an attorney would be in a much better position to provide the kind of deliberate, studious attention that such a brief requires than would an indigent, incarcerated inmate. We interpret Art. 26.05 as the Legislature's response to that need.

▪ Accordingly, in conjunction with our decision today to grant appellant's pro se

---

**3.** "It is not for this Court but for the trial court to appoint counsel on appeal to be paid under the provisions of Article 26.05, V.A.C.C.P." *Conrad v. State,* 537 S.W.2d 755 (Tex.Cr.App.1976).

**4.** We note that appellant was indigent at the time of appeal and is presently in the penitentia-

petition for discretionary review on his third ground of review only, we hereby abate this appeal and remand this cause to the trial court[3] to appoint an attorney to prosecute to a final conclusion the bona fide appeal in this case. Time limits imposed under Tex.Cr.App.R. 306(b) shall begin on the date of the appellate counsel's appointment.[4]

McCORMICK, J., concurs in the result.

CLINTON, Judge, concurring.

Though there was a great deal of viewing with alarm as the majority opinion was delivered in *Ayala v. State,* 633 S.W.2d 526 (Tex.Cr.App.1982), see Concurring Opinion by the writer and Concurring and Dissenting Opinion by Judge Teague, much of it was prospective, a harbinger of "mischief" to come. Now, however, the Court is presented with an opportunity to reexamine *Ayala* for its ramifications in a somewhat different context. Happily the Court seizes the moment, but in my judgment the majority opinion does not respond adequately to the dissenting opinion, nor does it treat fully enough the matter of statutory construction to reach the conclusion that this cause must be remanded for appointment of appellate counsel. Thus I write of those things.

Despite its "very high potential for much low mischief," *Ayala,* supra, at 528, what the Court actually found and concluded is narrow in its impact. The findings are:

"The United States Constitution does not impose a duty on appointed counsel to file a petition for discretionary review by this Court.

State law imposes no such duty, either. See V.A.C.C.P., Articles 26.04 and 26.05."

---

ry. The trial court may make a finding of indigency on the record, as is. If on the basis of the record the trial court determines that the appellant is not indigent, then a hearing should be held to allow appellant the opportunity to establish his indigency.

The conclusion is:

"This Appellant had no *right* to 'demand' that his appointed counsel file a petition for discretionary review, and counsel had no *duty* to file it." [1]

In the case at bar appellant has prepared and presented pro se his petition for discretionary review, and the Court has granted it. Thus, the fine point made in *Ayala* is not in this case, and it need not further concern us here. Whether *as a matter of State law Ayala* correctly decided the point may be left for another day. Accordingly, I now treat the conclusion reached by the majority—"that it is appropriate to appoint an attorney at this stage of the proceedings."

The first problem is to determine what authority enables this Court to cause the trial court to appoint an attorney to represent appellant after his petition for discretionary review has been granted. Following the lead of Justice Rehnquist in *Ross v. Moffitt*, 417 U.S. 600, 94 S.Ct. 2437, 41 L.Ed.2d 341 (1974), the majority looks for and finds "a matter of legislative choice."

However, essentially what it comes up with is Article 26.05, V.A.C.C.P. and, standing alone, that seems to be a slender reed. Let us search elsewhere, as well.

From the Old Code through the 1925 code of criminal procedure, arraignment was held only in a capital case. Article 491 in the latter code. And since former article 494 provided that when an accused is before a court for arraignment without counsel and it appears he is too poor to hire one, the judge "shall appoint one or two practicing attorneys to defend him," the Court uniformly held that only in a capital case must counsel be appointed. E.g., *Pennington v. The State*, 13 Tex.App. 44, 46 (Ct. App.1892); *Mass v. State*, 81 S.W. 45 (Tex. Cr.R.1904) and *Mass v. State*, 81 S.W. 46

(Tex.Cr.R.1904); *Burden v. State*, 70 Tex. Cr.R. 349, 156 S.W. 1196, 1197 (1913); *Cummings v. State*, 104 Tex.Cr.R. 117, 282 S.W. 227 (1926); *Hill v. State*, 166 Tex. Cr.R. 13, 310 S.W.2d 588 (1958); *Martinez v. State*, 167 Tex.Cr.R. 97, 318 S.W.2d 66, 73 (1958). While the usual practice was to appoint counsel for an indigent accused charged with an ordinary felony, the matter was one of judicial discretion, *Mass v. State*, supra, at 45; *Pennington v. The State*, supra; and whether to appoint counsel in other felony trials depended upon the facts of each given case, e.g., *Ex parte Bushnell*, 172 Tex.Cr.R. 60, 353 S.W.2d 438, 441 (1962); *Ex parte Epperson*, 153 Tex.Cr.R. 578, 223 S.W.2d 790 (1949); *Parsons v. State*, 153 Tex.Cr.R. 157, 218 S.W.2d 202 (1949).

Nevertheless, by Acts 1951, 32nd Leg., p. 25, ch. 19 (article 494a, C.C.P. 1925, as amended), the Legislature provided for payment of counsel "appointed pursuant to law" to defend an accused "in any felony case" at the discretion of the trial judge, and for the first time ever sanctioned fees for appellate counsel, *viz:*

"Provided, further, that in all cases wherein a bona fide appeal is actually prosecuted to a final conclusion, each appointed counsel may be paid Twenty-five Dollars ($25) for such appeal."

"The fact that there is no law providing for the payment of counsel appointed to defend persons too poor to employ counsel in criminal cases" was acknowledged and given as the reason for an emergency and an imperative public necessity. *Id.*, § 3.

Even so, the Court still held that former article 494 was not applicable to trial of a felony case less than capital. *Hill v. State*, 166 Tex.Cr.R. 13, 310 S.W.2d 588 (1958). Nor even in a capital case was appointed counsel obliged to take an appeal. *Savage v. State*, 155 Tex.Cr.R. 576, 237 S.W.2d 315

---

**1.** All emphasis is supplied throughout by the writer of this opinion unless otherwise indi-

cated.

(1951); *Spalding v. State*, 137 Tex.Cr.R. 329, 127 S.W.2d 457 (1939).

Directly at odds with such decisions of the Court as *Hill v. State*, supra, in 1959 the Legislature amended both article 494, and article 494a, *id.* The former, Acts 1959, 56th Leg., p. 1061, ch. 229, provided that when made known to the court "at an arraignment *or any other time* that an accused *charged with a felony* is too poor to employ a counsel, the court shall appoint one (1) or more attorneys *to defend* him." The emergency clause made the legislative concern clear: "The fact that Article 494 only applied to capital cases and does not apply to ordinary felonies creates an emergency ..." Contemporaneously, the latter was amended by Acts 1959, 56th Leg., 2d C.S., p. 147, ch. 31, to increase fees for counsel appointed *"to defend ... in any felony case"* and "in all cases wherein a bona fide appeal is actually prosecuted to a final conclusion ...;" and, again, the emergency clause declares that "present laws regarding fees for attorneys *representing indigents* who are accused of *felony offenses* are inadequate ..."

Of legislative intent, there can be no doubt. It insisted that an indigent accused be represented by appointed counsel at trial and on appeal. The notion that counsel be appointed "to defend" contemplated an appeal, if need be, for which counsel was to be paid an additional fee to prosecute it "to a final conclusion." The year was 1959. How the Court reacted to such a clear expression of legislative intent has not been determined, for there does not appear to be any case construing the amended statutes in the relevant period of time before the matter was resolved under the Constitution.

Constitutionally, the Supreme Court of the United States held in *Gideon v. Wainwright*, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963), that an indigent accused had the right to an attorney at trial for a felony offense, and in *Douglas v. California*, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963), that an indigent appellant is entitled to assistance of appointed counsel on appeal—if an appeal is a matter of right. Promptly, the Court got *Gideon's* message. See, e.g., *Ex parte Bushnell*, 375 S.W.2d 720 (Tex.Cr.App.1964); *Ex parte Davis*, 379 S.W.2d 922 (Tex.Cr.App. 1964) and cases collected therein.

Soon thereafter, with reference to appointed trial counsel continuing to represent his client on appeal, the late Presiding Judge Woodley made the following pronouncement for the Court:

"We are in accord with the view ... that trial counsel, having participated in the trial itself, is best qualified to prosecute an appeal and should not be permitted to withdraw from the case before the record on appeal has been perfected, if then."

*Dyches v. State*, 382 S.W.2d 928, 929 (Tex. Cr.App.1964). He made no reference to *Douglas v. California*, supra.

In the wake of *Gideon* and *Douglas* and admittedly influenced by those decisions, among others, the Special Committee of the State Bar of Texas for the Revision of the Code of Criminal Procedure refined an earlier product and submitted its recommended changes to the 59th Legislature. Introduction to 1965 Revision Texas Code of Criminal Procedure, 1 Vernon's Code of Criminal Procedure xv, at xix–xx; Interpretative Commentary and Special Commentary to Article 26.04. To ensure constitutional guarantees were implemented, Article 26.01 was amended to require an arraignment in all cases of felony and misdemeanor punishable by imprisonment. Special Commentary to Article 26.01 and Interpretative Commentary, supra. Former article 494 was modified to have the court make a determination of indigency at arraignment "or at any time prior to arraignment;" old article 494a was strengthened by increasing fees for appointed counsel and making payment mandatory.

Article 26.04 continued to declare that an appointed counsel was "to defend" the accused, and the new format of Section 1 of Article 26.05 provided, *inter alia:*

"Sec. 1. A counsel appointed to defend a person ... shall be paid ... according to the following schedule:

(a) For each day in trial court representing the accused ...

\* \* \* \* \* \*

(d) For the prosecution to a final conclusion of a bona fide appeal to the Court of Criminal Appeals ..."

Again, within the scope of defending an accused the Legislature included prosecuting an appeal "to a final conclusion."

Those legislative changes seem to have gone unnoticed by the bench and the bar—concentration focused on *Douglas v. California* and its progeny. See, e.g., *Ex parte Engle*, 418 S.W.2d 671, 675–676 (Tex. Cr.App.1967) and *Ex parte Breen*, 420 S.W.2d 932 (Tex.Cr.App.1967). By 1968 the lesson of *Douglas* had been learned well, and the Court routinely abated an appeal in which briefs had not been filed "[s]o that this indigent appellant not be deprived of aid of counsel on appeal and an adequate appellate review," *Garza v. State*, 433 S.W.2d 428 (Tex.Cr.App.1968); *Martin v. State*, 441 S.W.2d 535 (Tex.Cr. App.1969); *Jackson v. State*, 447 S.W.2d 922 (Tex.Cr.App.1969); and many others thereafter so long as the Court had jurisdiction of direct appeal in all felony cases.

We may attribute to the Legislature a full awareness of the settled constitutional proposition "that appointment of counsel for an indigent defendant is required at every stage of a criminal proceeding where substantial rights of a criminal accused may be affected," *Mempha v. Rhay*, 389 U.S. 128, 134, 88 S.Ct. 254, 257, 19 L.Ed.2d 336 (1967), tempered by the holding under the Fourteenth Amendment in *Ross v. Moffitt*, supra, (a state is not required to provide services of counsel to seek discretionary review beyond an appeal of right, but is not precluded from making counsel available at all stages of judicial review), as well an understanding of all those developments in Texas regarding representation by appointed counsel at trial and on appeal chronicled *ante*, when it came to consider and then enact legislation to implement

constitutional amendments establishing our present appellate hierarchy in the criminal system of this State. *Allen Sales & Servicenter, Inc. v. Ryan*, 525 S.W.2d 863, 866 (Tex.1975); *Townsend v. State*, 427 S.W.2d 55, 62 (Tex.Cr.App.1968).

Significant, I believe, is that the Legislature did not make any change in Article 26.04—counsel was still to be appointed "to defend" an accused, without limitation. And the only addition to Article 26.05 of any consequence regarding the problem now confronting the Court is the insertion of "a court of appeals or" in subsection (e). Thus, is a minimum fee provided for "the prosecution to a final conclusion of a bona fide appeal to *a court of appeals or* the Court of Criminal Appeals ..."

Summing up what has been found and discussed, in 1951 the Legislature conceived the proposition that "to defend" an accused includes "a bona fide appeal ... actually prosecuted to a final conclusion," and since then the Legislature has consistently persevered to effectuate that proposition by providing assistance of appointed and modestly paid counsel to defend every person accused of all but a petty offense, including taking an appeal if so advised—before and after such provision was held to be constitutionally mandated. When it restructured our appellate system in 1981, the Legislature held to the concept and retained statutory provisions that embodied that proposition.

Thus, under Article 26.04, "to defend" still contemplates an appeal and, now, also discretionary review by this Court; and, under Article 26.05, to prosecute one "to a final conclusion" extends to whatever action this Court takes in exercise of its discretionary review jurisdiction. Having already granted review in this cause pursuant to Article 44.45, V.A.C.C.P., we are fully empowered to "enter any other order, as the law and nature of the case may require," Article 44.24(b), *id.*, including an order abating further action in this Court and remanding the cause to the trial court for it to exercise that authority found in the statutes to appoint counsel to prepare

and file a brief herein, and otherwise to provide aid and assistance in behalf of appellant in further prosecution of review by this Court of the decision of the court of appeals. Articles 44.45 and 44.33, V.A.C. C.P., and Tex.Cr.App. Rule 306(a) and (d).

Accordingly, for the reasons given I join the order of the Court.

ONION, P.J., and CAMPBELL, J., join.

TEAGUE, Judge, dissenting.

Let me first point out, with emphasis, that John Allen Polk, appellant, has never to this day requested any court to appoint him counsel to assist him in the preparation or the filing of the petition for discretionary review that is before this Court for review. Nor has he asked for assistance in the preparation or filing of a brief in support of his petition. Of course, in light of *Ayala v. State*, 633 S.W.2d 526 (Tex.Cr. App.1982), such a request by appellant would have been a meaningless and useless act on his part.

I find the statement appellant makes in the pro se petition he has filed, that "Appellant would advise this Honorable Court that he is indigent without counsel," represents nothing more than a plea that the members of this Court construe his pleading in such manner as to do substantial justice, and do so with a measure of tolerance. Thus, appellant's plea is essentially a request that the members of this Court not impose on him the same high standards of the legal art which it might place on a pleading filed by a member of the Bar of this State. For further discussion on this point, see Ronald P. Sokol's *Federal Habeas Corpus* (1969 Edition).

And the members of this Court have honored appellant's request. This Court has liberally construed his petition and has unanimously decided to grant appellant's petition for discretionary review in order to review his contention that the trial court erred in making a finding in the judgment that appellant used or exhibited a deadly weapon when he committed the offense of attempted murder.

The Court of Appeals, in affirming appellant's conviction, overruled his contention.

This Court not only has voted to grant appellant's petition for discretionary review, but now a majority votes to do more: It orders that this cause be abated and remanded to the trial court so that an attorney may be appointed to represent appellant in filing a brief in this Court on his behalf. I raise the question: In light of what this Court stated in *Ayala v. State*, supra, where is there legal authority for this Court to do what it is now doing?

In *Ayala v. State*, supra, this Court, inter alia, expressly held: "... the Fourteenth Amendment does not require that indigent appellants be provided with services of counsel in seeking discretionary review in this court." (528). Surely, the preparation and filing of a brief falls within this principle of law, doesn't it? In *Ayala*, this Court also expressly stated: "The United States Constitution does not impose a duty on appointed counsel to file a petition for discretionary review by [sic] this court. State law imposes no such duty, either. See V.A.C.C.P., Articles 26.04 and 26.05." (528).

Thus, as long as *Ayala v. State*, supra, remains on the books, there will be a distinction, albeit I believe it is one without meaning, between the preparation and filing of a petition for discretionary review and the preparation and filing of a direct appeal.

The argument that the author of the majority opinion makes, as to why this Court has the authority to abate the cause and remand it to the trial court so that an attorney may be appointed to represent appellant in filing a brief in this Court on his behalf, is exactly the same argument that I made in the concurring and dissenting opinion I filed in *Ayala v. State*, supra. However, my opinion was rejected by this Court. And yet, the author of the majority opinion has the audacity to state the following: "We do not today question [the holding of Ayala v. State, supra]." In light of what the majority does, I must ask, how on earth can one not question the holding of

**416**

*Ayala v. State*, supra, before ordering what the majority orders?

In all due respect to the author of the majority opinion, and the members of this Court who vote to approve it, as long as *Ayala v. State*, supra, remains on the books, "the Texas Legislature, as a matter of legislative choice, has [not] provided for the appointment of counsel once a petition for discretionary review has been granted by this Court." I pause to add that although the Legislature of this State might have foreseen three different types of appeals in this State's criminal appellate procedure, it most assuredly could not have foreseen this Court's decision of *Ayala v. State*, supra.

But don't rely upon the outcry I made in the concurring and dissenting opinion I filed in *Ayala v. State*, supra. Look at what Judge Clinton stated in the concurring opinion he filed in *Ayala v. State*, *supra*, when he stated the following, in referring to the situation where a State's petition for discretionary review has been granted, after a court of appeals has reversed the defendant's conviction: "Even now one feels pity for the indigent appellant whose appointed counsel achieved a reversal in the court of appeals and proudly retired from the appellate affray with his victory, leaving his erstwhile client to fend for himself when the State seeks discretionary review from this Court." (528).

I find that Judge Clinton was absolutely correct when he made the following statement in the opinion he filed: "The majority opinion [in Ayala v. State, supra] is fraught with very high potential for much low mischief." *Ayala v. State*, supra, should be expressly overruled, so that this Court can write on a clean slate.

Although what the majority does today is commendable, nevertheless, in light of *Ayala v. State*, supra, from a legal standpoint, the majority's opinion has no legal foundation. Because of stare decisis, and what this Court stated and held in *Ayala v. State*, supra, I must respectfully dissent to the action of the majority in abating this cause and remanding it to the trial court so

that an attorney might be appointed to represent appellant in filing a brief in this Court on his behalf. Again, however, I would vote to expressly overrule *Ayala v. State*, supra, but as noted the majority does not see fit to take this action. Thus, based upon stare decisis, I am compelled to dissent.