**Ex parte George Marshall HALL.**

**No. 111–85.**

Court of Criminal Appeals of Texas, En Banc.

Feb. 27, 1985.

Harris Hampton, Canyon, V.G. Kolius, Amarillo, for appellant.

George Marshall Hall, pro se.

Stephen F. Cross, Dist. Atty., Roy Carper and Michael D. Milner, Asst. Dist. Attys., Borger, Robert Huttash, State's Atty., Austin, for the State.

TEAGUE, Judge, dissenting.

The majority refuses to grant either in part or whole the pro se petition for discretionary review that George Marshall Hall, appellant, has filed. I am compelled to respectfully dissent to the majority's refusal to review grounds of error numbered one and three, as well as the majority's refusal to consider appellant's motion for the appointment of counsel.

I first address the request of appellant that this Court appoint him counsel, "to represent Appellant on his foregoing petition for discretionary review submitted herewith." This Court, unfortunately, has no legal authority to appoint any defendant who appears before this Court counsel. Furthermore, but because of *Ayala v. State*, 633 S.W.2d 526 (Tex.Cr.App.1982), which decision I will vote to overrule as long as I have a breath of air left in my lungs, appellant's request is a meaningless and useless act.

However, did this Court not implicitly overrule *Ayala v. State*, supra, in *Polk v. State*, 676 S.W.2d 408 (Tex.Cr.App.1984), when it took the action it did in the case of *Hampton v. State*, No. 744–84, that is presently pending before the Court?

If *Ayala v. State*, supra, has not been overruled, and *Polk* and *Hampton* stand for good law cases, then I protest this Court making the decision whether an indigent is entitled to the assistance of counsel on a case by case basis. This allows for invidious discrimination of the worst sort.

In light of what this Court held in *Polk*, and did in *Hampton*, supra, I would abate the appellant's petition for discretionary review until a hearing can be held in the trial court for it to make the determination whether appellant is still an indigent and, if it is determined that he is, then, under the authority of *Polk* and *Hampton*, supra, the trial court should appoint counsel to repre-

sent appellant before this Court on his petition for discretionary review.

Notwithstanding my recommendation, I must point out that in the over 3½ years since this Court began receiving petitions for discretionary review, it has received petitions for discretionary review prepared by licensed attorneys of this State, as well as pro se petitions. Maybe not so surprisingly, some of the pro se petitions that have been reviewed are as well prepared as many of those prepared by licensed attorneys. In this instance, in my view, this Court is the beneficiary of a well prepared and well researched petition for discretionary review. I commend appellant for his efforts, and wish that all of the petitions for discretionary review that we receive were just as well prepared as appellant's.

Although I continue to adhere to what I stated in the dissenting opinion I filed in *Thiel v. State,* 676 S.W.2d 593 (Tex.Cr.App. 1984), regarding the law of escape, the comments I made therein are not applicable to any of appellant's contentions, in particular to his claim, as I understand it, that because he was unlawfully incarcerated he had the lawful right to escape from the Hutchinson County Jail. Not even Lord Plowden subscribed to such a view of the Common Law.

I agree with the majority's disposition of all of appellant's grounds of error except his first and third grounds of error.

His first ground of error asserts that "The Court of Appeals incorrectly held that bail was not excessive and that the trial court did not abuse its discretion in fixing bail." In light of the authorities appellant cites in his petition, and the record on appeal, I find that the set bail in the amount of $250,000 is extremely excessive and highly oppressive. Such amount of bail conflicts with provisions of the State Constitution and statutes of this State. Therefore, I would vote to reduce the amount of bail, and set bail in a reasonable sum, to remain in effect until this Court has properly and finally disposed of appellant's ground of error numbered three.

Under appellant's third ground of error, he claims that "he cannot again be prosecuted for [the offense of capital murder] because there was insufficient evidence [adduced at the first trial] to support the elements that aggravate the offense [of murder] to capital murder." On direct appeal of the first conviction, appellant did not challenge the sufficiency of the evidence. This Court reversed his conviction because of the failure of the trial court to honor appellant's request for jury shuffles of "mini jury panels." See *Hall v. State,* 661 S.W.2d 113 (Tex.Cr.App.1983).

Recently, in *Thompson v. State,* 691 S.W.2d 627 (Tex.Cr.App.1984), a death penalty case, this Court was confronted with an issue similar to the one appellant presents in this instance. It resolved that issue. Upon the authority of *Thompson v. State,* supra, I would vote to review appellant's third ground of error. Of course, in doing so, I do not mean at this time to imply that appellant's ground of error has merit; just that I would be willing to take a look at it and the record to see if it has any merit.

For the above and foregoing reasons, I respectfully dissent to the action the majority takes in this cause, to deny appellant all relief.