**Carnell TANNER, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 39412.

Court of Criminal Appeals of Texas.

March 9, 1966.

Michael T. Brimble, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and Gerald Applewhite, Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

MORRISON, Judge.

The offense is burglary with two prior non-capital felony convictions alleged for enhancement; the punishment, life.

The two prior felony convictions were stipulated in person by the appellant and his counsel in the absence of the jury.

The witness Pina testified that upon awakening at 2:00 a. m. on the morning in question he found that the screen on his kitchen window had been broken off, and that his daughter reported that the money from her purse was missing. He identified a transistor radio, which was exhibited to him by the police a short while thereafter, as one he had given his daughter and on which he had placed her initials.

His daughter, Theresa, testified that she woke up at 2:00 a. m. on the morning in question and saw a colored man wearing a red shirt and dark trousers leaning over the bed where her sister was sleeping, and that instead of screaming, she merely said "hello", whereupon the man tiptoed out of the kitchen door. She stated that five one dollar bills were missing from her purse and that within a short while the police showed her a transistor radio with her initials thereon and a small snapshot

of her girl friend on the back of which was a note written by her girl friend.

Officer Rose testified that while on patrol in the area of the Pina residence, he received a burglary alarm over the police radio and went to the Pina residence, where he ascertained how entry had been effected, and then began patrolling the neighborhood. Within a block from the Pina residence Officer Rose saw a colored male wearing a red shirt and dark trousers walking alone. As he approached the appellant, he observed blood coming from a cut near his eye, and upon being apprehended, a transister radio and a billfold containing five one dollar bills were taken from appellant's pants pocket and a picture of a young Latin American woman from his shirt pocket. Upon return to the Pina residence, the picture and radio were identified, and appellant was placed in jail.

Officer Maddox testified that he was present the same morning between 9:00 and 10:00 a. m. when appellant was interrogated, at which time appellant executed a written confession in which he admitted entering through the window, getting the radio and picture, hearing a noise which caused him to flee and being captured by the officer soon thereafter.

In the absence of the jury the court heard evidence from the State's witnesses as to the voluntary nature of the confession. Appellant offered none. The court found the confession as a matter of fact to have been voluntarily made after proper warning.

Appellant did not testify or offer any evidence in his own behalf.

Appellant's primary contention is that he was denied his constitutional rights because he was not informed of his right to counsel or carried before a magistrate before he made his confession. It is undisputed that appellant made no request for counsel and that his confession was freely and voluntarily made following an interrogation of less than an hour on the morning of his arrest.

The writer is not unaware of the present conflict of authority on the question of the necessity of a request for counsel, but it is the holding of this Court, until the Supreme Court of the United States says otherwise, that in absence of a request for counsel, the officers were under no obligation to inform the accused of his right to counsel prior to taking a confession from him under the statutes in force at the time this confession was made. See Johnson v. State, Tex.Cr.App., 396 S.W.2d 404, and the cases there cited. We are not here discussing the question of representation by counsel at trial as we were in Ex parte Bushnell, Tex.Cr.App., 375 S.W.2d 720, and Ex parte Davis, Tex.Cr.App., 379 S.W.2d 922, upon which appellant relies.

Finding the evidence sufficient to support the conviction and no reversible error appearing, the judgment is affirmed.